Argued November 18, 1931; affirmed January 19; rehearing
denied February 24, 1932

# DU MOND *v.* BYRON JACKSON CO. ET AL.

(6 P. (2d) 1096)

*W. L. Cooper,* of Portland, for appellant.

*Arthur H. Lewis,* of Portland (Lewis, Lewis & Finnigan, of Portland, on the brief), for respondents.

BELT, J. This is an action to recover damages for the conversion by defendant of certain files or records pertaining to wells and water conditions in Oregon, Washington, and Idaho. The Byron Jackson Company, a foreign corporation, is engaged in the business of selling pumps and other equipment used in the operation of wells, and maintains an office in the city of Portland. Plaintiff was employed by defendant from 1916 to October 1, 1928, as a salesman for its pumps and equipment. He was paid on a commission basis. From October, 1928, to October, 1929, he continued in the same work, but was on a fixed salary. It was during this entire period of employment that he obtained the data which he alleges was appropriated by defendant after his discharge in October, 1929. When the plaintiff was discharged and moved out of the offices of the defendant, there were left four filing cases containing certain data in controversy. In November, 1929, the filing cases were returned to the plaintiff, but the latter contends that the contents thereof were appropriated by the defendant to its own use and that it has refused to return the same to him although demand therefor has been made.

The defense of the defendant may be thus summarized:

(1) Neither the company, nor its employees or agents, took, destroyed or disturbed the files or the data contained therein;

(2) Any files or data destroyed were destroyed by Du Mond himself;

(3) If said data was of any value there has been no legal or competent evidence introduced of such value; and

(4) The data or information contained in the files was the property of the respondent and not that of Du Mond.

The cause was submitted to the court without the intervention of a jury, and a judgment entered in favor of the defendants.

Plaintiff assigns as error the refusal of the court to make special findings of fact and asserts that, by reason thereof, the judgment rendered is void. The trial court made a general finding "for the defendants and against the plaintiff" and rendered judgment accordingly. It refused to make special findings for the reason that the request therefor was made more than 20 days after the "court had actually entered judgment."

■■ Prior to the amendment of section 2-502, Oregon Code 1930 (L. 1925, ch. 211, and L. 1927, ch. 165), it was incumbent upon the court in actions tried without a jury to make findings upon every material issue, whether or not so requested, and, upon failure so to do, the judgment was void: *Oregon Home Builders v. Montgomery Inv. Co.,* 94 Or. 349 (184 P. 487); *Maeder Steel Products Co. v. Zanello,* 109 Or. 562 (220 P. 155). The statute as amended (Section 2-502, Oregon Code 1930) provides:

"Upon the trial of an issue of fact by the court, its decision shall be given in writing, and filed with the clerk during the term or within twenty days thereafter. The decision shall consist of either general or special

findings without argument or reason therefor. All parties appearing in the case shall have the right to request either special or general findings, and if any findings are requested by any party litigant such requested findings shall be served upon all other parties who have appeared in the case and such adverse parties may, within ten days after such service, present to the trial judge objections to such proposed findings or any part thereof and request other, different, or additional findings. When the findings are prepared by the court or judge thereof, a copy of such findings shall be served upon, or mailed to, all parties appearing in the case or their attorneys ten days before the same are filed, and any party litigant may, within such ten days, object thereto and request other, different, or additional findings. Nothing herein contained shall prevent the court from shortening the time in which to file objections or request other, different, or additional findings or prevent the parties to the case stipulating or agreeing to the findings to be entered.''

The above section is not clear and it requires almost X-ray acumen to determine what procedure the legislature had in mind. However, it is apparent therefrom that the making of special findings is not mandatory unless the request therefor is timely made. If no timely request is made for special findings, it is discretionary with the court whether to make general or special findings. The statute provides that, when findings are prepared by the court, a copy thereof shall be ''served upon, or mailed to, all parties appearing in the case or their attorneys ten days before the same are filed, and any party litigant may, within such ten days, object thereto and request other, different, or additional findings.'' In the instant case no service of the findings was made on plaintiff, but such failure of service is immaterial in view of the fact that plaintiff appeared and made objections to the findings.

■ It is observed that the statute does not specify the time when the request for special findings shall be made, but we think it is contemplated, without doubt, that such request must precede the judgment. In view of this uncertainty in the statute, which cannot be remedied by judicial construction, the safe practice for counsel would be to make the request at the conclusion of the taking of the evidence. Under the statute as amended the making of special findings was discretionary with the trial court, since no timely request was made, and it, therefore, follows that the judgment entered is not void.

■■ It is urged that, since the defendant company is a foreign corporation and has not complied with the statute relative to doing business in this state, it is not permitted to defend in this action. In other words, plaintiff brings the defendant corporation into court for the purpose of obtaining a judgment against it and then asserts that it must remain mute. While it is within the power of the legislature to prevent a foreign corporation from making a defense, such is not contemplated by section 25-1104, Oregon Code 1930. The clause, "shall not be permitted to maintain any suit, action, or proceeding in any court of justice in this state until such declaration shall have been filed and such fee paid" has no application where a corporation is merely making a defense. As stated in 14a C. J. 1312:

"A statute merely prohibiting the commencement, maintenance, or prosecution of an action does not prevent a foreign corporation which has not complied with the statute from defending a suit brought against it, * * *."

The same principle is recognized in *Mergenthaler L. Co. v. Spokesman Pub. Co.*, 127 Or. 196 (270 P. 519), wherein the court said:

"* * * plaintiff is not deprived of the right of access to our courts because it transacted other business in the state without having paid the required license fee and otherwise qualifying to do intrastate business in this state."

Also see 12 R. C. L. p. 93.

██ Assuming that the data in the files was the property of the plaintiff, we think it was clearly a question of fact whether or not the defendant company appropriated the property to its own use. The evidence was in dispute upon the issue of conversion and the finding of the court thereon, which was equivalent to that of a jury, is conclusive.

In view of the finding for defendant, there is no need to discuss the law relative to the measure of damages.

Finding no error in the record, the judgment is affirmed.