Argued at Pendleton October 25; motion to dismiss appeal denied
September 8; reversed November 23, 1943

# LARSEN *v.* MARTIN
(143 P. (2d) 239)

Before BAILEY, Chief Justice, and ROSSMAN, LUSK, BRAND and HAY, Associate Justices.

R. E. Kriesien, of Burns (Casey & Kriesien, of Burns, on the brief) for appellant.

Leonard H. Waterman, of Burns (Biggs & Waterman, of Burns, on the brief) for respondent.

LUSK, J.

Plaintiff brought this action to recover the sum of $689.56 alleged to be the balance due for feed and pasturage furnished by plaintiff to defendant's cattle under a written agreement and an oral modification thereof.

The trial was to the court without a jury, and findings and judgments were entered in favor of the plaintiff. Defendant appeals.

One of the assignments of error is based upon the alleged insufficiency of the evidence to support the findings, but, as no bill of exceptions has been brought to this court, that question is not before us. There is a transcript of testimony certified to by the court reporter, but not authenticated by the judge. It is well settled that such a document does not constitute a bill of exceptions and cannot be looked to for the purpose of determining the sufficiency of the evidence. *Wallowa Land Co. v. McGaffee,* 160 Or. 298, 299, 84 P. (2d) 1116, and cases there cited.

The other assignments of error are based on the contention that the findings are not responsive to, and are outside, the material issues made by the pleadings, and upon an alleged irregularity in the entry of the findings. For an understanding of the former of these matters it will be necessary to state the substance of the pleadings.

The complaint alleges, and the answer admits, that on December 17, 1941, the plaintiff and the defendant entered into a written agreement, by the terms of which plaintiff undertook to furnish feed and pasture for 300 head of cattle belonging to defendant for the period from December 5, 1941, to April 1, 1942, and defendant agreed to pay plaintiff $5.00 per head for such services.

It is alleged that plaintiff fed and cared for defendant's cattle until March 6, 1942, when the defendant removed them from plaintiff's premises; that on March 6, 1942, the written agreement was modified as follows:

> "That defendant promised and agreed to pay to plaintiff for the care and pasturing of said cattle the proportionate part of the sum called for in said contract based on the time that said cattle had been cared for and pastured by the plaintiff."

It is further alleged that the sum due and owing plaintiff for the care and pasturing of said cattle amounted to $1189.56, of which $500.00 has been paid, leaving a balance due of $689.56; "that such sum defendant has promised and agreed to pay to plaintiff", but has refused to do so.

The answer denied all the foregoing allegations except the payment of $500.00 under the contract and the removal of the cattle from the plaintiff's premises by

the defendant on March 6, 1942. The answer also contains a counter-claim, in which it is alleged that the defendant removed the cattle because they were not receiving proper care and feed. No complaint is made as to the sufficiency of the findings upon the issues tendered by the counter-claim. The defendant's criticisms are directed to the court's alleged failure to find upon two material issues, namely, as to whether the contract was modified as alleged in the complaint, and as to whether defendant promised to pay plaintiff the sum of $689.56 in addition to the sum of $500.00 previously paid. It is also contended that some of the findings are not within the issues.

The findings were prepared by the judge and, so far as now pertinent, are as follows:

"The testimony further shows that only the sum of $500.00 was paid by this defendant to plaintiff on the written contract of December 17th, 1941; that an additional sum was to be allowed plaintiff by this defendant in order to compensate plaintiff for the pasture and feed consumed by defendant's cattle to March 6th, 1942; that the sum of $689.56 is the proper amount to be allowed for the feed and feeding of defendant's cattle to March 6th, 1942."

"That plaintiff is entitled to be compensated by the defendant for the feed and pasture of said stock from December 7th, 1941, to March 6th, 1942, in accordance with the terms and provisions of the original agreement between the parties; that payment should be in proportion to the time said stock was so fed by the plaintiff."

If the court found that the contract was modified as alleged, it was not necessary to find in terms that the defendant agreed to pay plaintiff $689.56, because that is the amount which the defendant would have become obligated to pay by the terms of the alleged modi-

fication. The question, therefore, is whether the record contains a finding, sufficiently clear and free from ambiguity, upon the issue of modification. That was a material issue, without proof of which the plaintiff's case must fail.

Section 5-502, O. C. L. A., provides:

"The decision shall consist of either general or special findings without argument or reason therefor."

■ The statute gives the parties the right to request findings, but the court, notwithstanding such request, has the discretion to make either type of findings—general or special—it may choose. *State ex rel. v. Bassett,* 166 Or. 628, 635, 113 P. (2d) 432, 114 P. (2d) 546; *Ervast v. Sterling,* 156 Or. 432, 437, 68 (2d) 137.

■ Before the enactment of the present statute the court was required to make findings on all the material issues. *Maeder Steel Products Co. v. Zanello,* 109 Or. 562, 575, 220 P. 155. In view of the discretion now invested in the court to make general findings, this is no longer mandatory in all cases. A general finding is like a general verdict of a jury, by which the court finds generally in favor of one of the parties and against the other. *Norris v. Jackson,* 9 Wall. 125, 19 L. Ed. 608. A special finding is "a statement of the ultimate facts on which the law of the case must determine the rights of the parties; a finding of the propositions of fact which the evidence establishes, and not the evidence on which those ultimate facts are supposed to rest." *Norris v. Jackson,* supra; *Societe Nouvelle D'Armement v. Barnaby,* 246 Fed. 68, 70; *Rhodes v. U. S. National Bank,* 66 Fed. 512, 514, 34 L. R. A. 742; *Searcy County v. Thompson,* 66 Fed. 92, 94. A special finding of facts, as said in the case last cited, "consists of a state-

ment of the ultimate conclusions of the trial court upon issues of fact raised by the pleadings.'' If, as was done in the instant case, the court elects to make special findings, then, in our opinion, the decisions of this court rendered before the change in the statute, to the effect that the findings must be upon all the material issues and that findings which are outside the issues are a nullity, are applicable. It was so held in *Zuccala v. Suncrest Orchards, Inc.*, 130 Or. 612, 616, 280 P. 344, a case arising under the present statute in which the court said:

"There is no doubt that the law requires the court, when a trier of fact in an action, to find on all the material issues joined by the pleadings."

■ The findings cannot be, as the plaintiff contends, both general and special, for the statute provides that they shall be one or the other. As said by the Supreme Court of the United States in *British Queen Mining Co. v. Baker Silver Mining Co.*, 139 U. S. 222, 35 L. Ed. 147, 11 S. Ct. 523, in construing a similar statute, "the finding must be 'either general or special'. It cannot be both." In *Ervast v. Sterling,* supra, findings were made on every issue, and the decision in that case, therefore, is not opposed to these views.

■ Another well established rule is that if the findings are so vague, uncertain and indefinite that the appellate court cannot determine the facts that the trial court intended to find, they are, when directly attacked, insufficient to support the judgment. *Maeder Steel Products Co. v. Zanello,* supra (109 Or. 572).

We proceed in the light of the foregoing rules to an examination of the challenged findings. It will be remembered that the plaintiff did not sue upon the writ-

ten contract merely, or for its breach, but upon the written contract as modified by an oral agreement. The oral agreement, the making of which the defendant denied, was that the defendant promised to pay plaintiff "for the care and pasturing of said cattle the proportionate part of the sum called for in said contract based on the time that said cattle had been cared for and pastured by the plaintiff." The court found that "an additional sum (that is, over and above the sum of $500.00 previously paid) was to be allowed plaintiff by this defendant in order to compensate plaintiff for the pasture and feed consumed by defendants cattle to March 6th, 1942". Whether this means that the parties so agreed, we are unable to determine, and it is even more uncertain whether the court found that the parties, by modification of the written contract, fixed the measure of the additional amount which "was to be allowed plaintiff" in the manner alleged in the complaint. The finding that $689.56 "is the proper sum to be allowed" more nearly resembles a finding based on *quantum meruit* than one based on the modification alleged, though it does not amount to a finding of reasonable worth.

It may be that, under the complaint as drawn, it would have been permissible for the plaintiff, ignoring the allegations of modification of the contract, to have shown, and recovered a judgment for, the reasonable worth of the services performed by him; but, as the evidence is not before us, we cannot say whether there was any such proof, just as we are unable to determine whether the court intended by its findings to decide that the contract was modified, or that the sum to which the plaintiff was found entitled, represented the reasonable worth of his services.

The remaining findings quoted, if they can properly be said to be findings of fact and not conclusions of law, serve to emphasize the ambiguity, since they seem to predicate the plaintiff's right of recovery on the "original agreement between the parties" rather than on that agreement and its subsequent modification or on *quantum meruit;* and, if that be so, they are without the issues made by the pleadings.

Our conclusion is that these findings are so ambiguous that they do not support the judgment, and it remains to be determined what disposition should be made of the case. It is the uniform rule that, where findings are outside the issues made by the pleadings, the judgment must be reversed and the cause remanded for a new trial. *McMillan v. Montgomery,* 121 Or. 28, 253, P. 879; *Portland v. O'Neill,* 98 Or. 162, 192 P. 909; *Annand v. Austin,* 86 Or. 403, 167 P. 1017, 168 P. 725; *Male v. Schaut,* 41 Or. 425, 69 P. 137. Where there is a complete absence of findings, we do not remand the case for a new trial, but remand it with directions to the trial judge to enter findings and a new judgment, from which an appeal may be taken. *Glickman v. Solomon,* 140 Or. 358, 12 P. (2d) 1017; *State ex rel. v. Bassett,* supra. If it could be said with certainty, as the defendant contends, that the judgment in the case at bar is based upon findings outside the issues, then it would be necessary to order a new trial. But, being uncertain as to the basis of the court's decision, we think that the same practice should be followed as in those cases where no findings at all have been entered, and that the case should be remanded with instructions to the trial judge to make and enter new findings which, if special, should be responsive to all the material issues, particularly to the issue as to the modification of the

contract, and which should be couched in clear and unambiguous language, "without argument or reason therefor", § 5-502, O. C. L. A.

██ We go to the remaining assignment of error. The case was tried in Harney County by the circuit judge for the 13th judicial district (Klamath County). He prepared his findings after he returned to his home district, and mailed them, together with the judgment, to the clerk of the Harney County Circuit Court with instructions that they be filed, which was done. Apparently no copies of the findings were served upon, or mailed to, any of the parties or their attorneys. The defendant asserts that this procedure is not comformable to the statute.

It is provided in § 5-502, O. C. L. A.:

"When findings are prepared by the court or judge thereof, a copy of such findings shall be served upon, or mailed to, all parties appearing in the case or their attorneys ten days before the same are filed, and any party litigant may, within such ten days, object thereto and request other, different, or additional findings."

While, as pointed out in *Du Mond v. Byron Jackson Co.*, 139 Or. 57, 61, 6 P. (2d) 1096, some of the provisions of this statute are not clear, there can be no question as to the meaning of the foregoing language, nor can it be denied that, by the course which was followed in the instant case, the defendant was deprived of a right which the law accords him. The findings should not have been filed until the expiration of ten days after service of a copy upon the defendant, or his attorney, so that the defendant might avail himself of the privilege of objecting to the proposed findings or of requesting other, different or additional findings.

We are of the opinion, however, that this irregularity, in the circumstances of this case, does not warrant the ordering of a new trial, for, in the making of new findings, as herein directed, the provisions of the statute will, no doubt, not again be ignored, and the defendant will then have the opportunity to exercise his rights under the statute, as well as to appeal from the new judgment, if he shall be so advised.

The judgment is reversed and the cause remanded for further proceedings conformable to this opinion.