Argued January 5, affirmed February 21, 1950

# HOWARD *v.* KLAMATH COUNTY

215 P. (2d) 362

*Richard B. Maxwell,* of Klamath Falls, argued the cause for appellant. With him on the brief were Farrens & Maxwell, of Klamath Falls.

*William Ganong,* of Klamath Falls argued the cause for respondent. On the brief were Clarence Humble, District Attorney of Klamath County, and Ganong & Ganong, all of Klamath Falls.

Before LUSK, Chief Justice, and BRAND, ROSSMAN, BAILEY, HAY and PAGE, Justices.

BRAND, J.

The action is brought pursuant to the provisions of O. C. L. A., § 87-328 as amended by Oregon Laws 1945, ch. 124, which provides as follows:

"In any county having less than 45,000 inhabitants county surveyors shall be allowed $15 per day each for their services while actually and necessarily engaged in performing the duties of their offices and they shall be allowed for traveling expenses in going to and returning from the place of survey 5 cents per mile. Such per diem and mileage shall be paid by the county or by private persons requiring such service, as the case may be.

"The county surveyor of any county which, between July 22, 1942, and the effective date of this act, had a population of not less than 39,000 and not exceeding 45,000, shall be compensated retroactively under a per diem of ten dollars ($10.00) and mileage provisions of this act, for such services and mileage performed during such period and performance of which was required by the statutes of this state in effect at the time of the performance of such services. The county courts of such counties are authorized and directed to pay such retroactive compensation and mileage."

It is alleged and admitted that during period in question the plaintiff was the county surveyor of Klamath County, which county had a population in excess of 39,000 and not exceeding 45,000 and that plaintiff had received no salary as county surveyor from the defendant county between July 23, 1942 and June 30, 1945. The further allegations of the complaint

which are denied by the answer may be summarized as follows: "Plaintiff was actually and necessarily engaged in the performance of his duties as county surveyor  *  *  *" for the number of days which are specified. Paragraphs VI and VII are as follows:

"VI

"Plaintiff has maintained offices in the basement of the court house in Klamath Falls, Oregon, the county seat of defendant Klamath County, since 23 July 1942. Said office has been equipped with public telephone. Plaintiff has been present personally in said office or has arranged for the answering of said telephone and the taking of messages and for the taking of messages and information from personal callers at said office on each of the days referred to in the preceding paragraph.

"VII

"Attached hereto, and by this reference made a part hereof, are a series of tabulations consisting of 73 pages, herein marked and referred to as 'Exhibit A' showing the work actually performed by plaintiff during the times mentioned herein. That period of time designated as 'Routine work for county' was spent by plaintiff in preparing, marking, indexing and recording surveys as required of him by statute and was spent in his office upon the necessary and required county business of indexing and arranging ancient county records relating to county roads and the office of surveyor. The items designated as 'private work' denote the hours spent by plaintiff on personal matters or at work for individuals for which he was compensated directly by said individuals and the 'specific jobs' mentioned relate to jobs which were done by the surveyor or at the request or direction of the County Court of Klamath County, Oregon."

The tabulation was attached. Plaintiff prays for judgment accordingly.

The trial court heard the testimony of both parties and rendered findings and a decision. After findings in substantial accordance with the admitted allegations of the pleadings, the court found further as follows:

"4. That plaintiff has maintained an office in the court house in Klamath Falls, Oregon, since July 23, 1942, which office was equipped with a public telephone; that plaintiff is duly licensed engineer under the laws of this state; that during all of· the period herein mentioned plaintiff conducted his business as private engineer and surveyor as well as acting as county surveyor.

"5. That between July 23, 1942 and June 30, 1945, plaintiff performed services in amounts as follows: * * *"

The court then made a finding as to the number of hours of work done for private persons in his capacity as professional engineer, for private persons and as county surveyor for the county, each separately listed, and specifically stated the days and dates on which each type of work was done. The findings continue as follows:

"8. That for his services performed for private persons in his private capacity as professional engineer as distinguished from his capacity as county surveyor plaintiff was paid by his private clients.

"9. That for his services performed as county surveyor for private clients plaintiff was paid by said private clients."

Based upon the findings, the court made the following decision:

"That plaintiff is entitled to compensation from defendant county at the rate of $10 per day for the 67 days services performed as county surveyor for

private persons and for the 13 days services per-
formed as county surveyor for Klamath County
as above set forth.''

We will first consider the appeal of the plaintiff.
The appellant's brief contains two assignments of er-
ror; (1) that the court erred in failing to make a find-
ing ''to establish on what days, between July 23, 1942,
and June 15, 1945, plaintiff performed services re-
quired of him by the statutes'', and (2) in failing to
make a finding ''to establish on what days between
June 15, 1945, and July 1, 1945, plaintiff performed
services while actually and necessarily engaged in per-
forming the duties of his office—which services were
not required of him by private persons.''

■ The plaintiff filed timely objections to the find-
ings prepared by the trial court, asserting that they
were incomplete. Those objections cover substantially
the matters urged in the assignments of error before
this court; namely, that the court failed to find upon
what days services were performed, and that the court
failed to decide ''what of these services were required
of plaintiff by the statutes * * * ''. However, the
scope of such objections was expressly limited by the
following statement contained therein:

''Plaintiff does not object to any specific
finding of fact but only to the incompleteness of
such findings, nor does plaintiff object to the court's
decision but only to the incompleteness of that de-
cision * * * ''.

Plaintiff, also requested the trial court to find sub-
stantially in accordance with the allegations of para-
graphs VI and VII of the complaint, quoted supra,
and for a separate finding as to what ''services'' were
performed of the kind described by him as ''routine

work''. Illustrative of the findings proposed by plaintiff is the following:

> '' 'On every working day between July 23, 1942, and June 15, 1945, plaintiff performed one or more services required of him by the statutes of this state.' ''

All of the requested and suggested findings except those seeking conclusions of law were drawn on the assumption that the plaintiff had established what services he was required by law to perform and had actually performed, and that the court should split up the issue as to the amount of services performed and make separate findings of fact as to the different types of work or service performed. Plaintiff frankly stated that his testimony was disputed by the defendant.

The trial consumed 13 days. The Bill of Exceptions consists of four pages in narrative form and recites the substance of some, but not all, of the testimony of the plaintiff, which, in general terms, tends to support certain allegations of the complaint concerning the performance of routine office work. From the Bill of Exceptions we quote:

> ''* * * As to many of the statutory duties plaintiff testified he was required to perform no services. The court allowed plaintiff compensation from the county for every day on which he performed work for the county or a private individual which work was required by a statute of this state.
>
> ''* * *
>
> ''* * * Evidence was introduced on behalf of defendant, and the trial was concluded on the 16th day of May, 1947.''

The Bill further certifies that the court served its findings and decision on the parties and that ''plain-

tiff made, served and filed herein his objections to the said Findings and Decision and suggested additional Findings and Decision''. The court's findings and decision, the plaintiff's objections thereto, and suggested findings and decision, and the order of the court overruling the objections and denying the requests are incorporated in the Bill of Exceptitons. None of the defendant's evidence is contained in the Bill. It contains no statement of any adverse ruling of the court, or of any objection or exception of the plaintiff thereto, except as here stated. The certificate of the judge merely allows the instrument as a Bill of Exceptions without any statement that it covers all or any more of the evidence than appears upon the four pages.

■ In this state of the record there is no basis for holding that the court should have found for the plaintiff in any amount greater than that which was awarded. So far as the record is concerned, there may have been substantial evidence contradicting every portion of plaintiff's testimony, in which case the finding of the trial court would be conclusive. The plaintiff's appeal is reduced to the single contention that the court should have made additional findings and decision.

■ Until 1925 the statute provided that upon the trial of an issue of fact by the court ''the decision shall state the facts found, and the conclusions of law separately.'' O. L., § 158. However, from the enactment of Laws of 1925, chapter 211, and continuing through subsequent amendments, the provision for conclusions of law has been omitted. The rule is that upon the trial of an issue of fact by the court ''the decision shall consist of either general or special findings

\* \* \*''. Laws 1927, ch. 165; O. C. L. A., § 5-502. In the case at bar, the trial court sitting without a jury in a law action was not required to file ''conclusions of law''.

■ Our only remaining question is whether the findings were ambiguous or incomplete. If they were, the remedy would be a remand of the case with instructions to make further findings responsive to all of the material issues. *Larsen v. Martin,* 172 Or. 605, 143 P. 2d 239. But even that procedure is not necessary here.

■ ■ The case of *Vuilleumier v. Oregon Water P. & R. Co.,* 55 Or. 129, 105 P. 706, was decided under the statute, prior to 1925, which required the trial court to ''state the facts found''. In that case the only issue for determination by the court was the amount of damages suffered as a result of a collision. The principle assignment of error relied upon by the defendant was the refusal of the court to make special findings as to the items and amounts of the damages allowed to the plaintiff. It was held that there was but one question for the trial court, namely: how much was the plaintiff damaged. The court said, ''Therefore no other finding of fact can be required.'' The court said further:

''\* \* \* The rule is well settled that the trial court must make findings upon all the material issues; that is, the findings of fact must be sufficient to sustain the judgment (Moody v. Richards, 29 Or. 286: 45 Pac. 777; Chung v. Stephenson, 50 Or. 248: 89 Pac. 386, 805), but this rule relates to issues made by the pleadings (Section 158, B. & C. Comp.) [O. C. L. A., § 5-502]. Issues are defined by Section 109, B. & C. Comp. [O. C. L. A., § 5-501]: 'Issues arise upon the pleadings when a fact or conclusion of law is maintained by the one party and controverted by the other.' Section 111 [O. C.

L. A., § 5-103] : 'An issue of fact arises upon a material allegation in the complaint, controverted by the answer.' An these are the issues referred to by the decisions of this court, cited by defendant, to the effect that the findings must be based upon and as broad as the issues involved.  *  *  *''

The provision of O. C. L. A., § 5-502 authorize any party litigant to object to findings made by the trial court and to request other different or additional findings, but notwithstanding the request of litigant for special findings, it rests in the discretion of the trial court to determine whether the findings shall be general or special. *Larsen v. Martin,* supra. If the trial court elects to make special findings, it is not bound to make them upon every matter requested by a litigant:

"*  *  *  special finding is 'a statement of the ultimate facts on which the law of the case must determine the rights of the parties; a finding of the propositions of fact which the evidence establishes, and not the evidence on which those ultimate facts are supposed to rest.' [citing cases] A special finding of facts, as said in the case last cited, 'consists of a statement of the ultimate conclusions of the trial court upon issues of fact raised by the pleadings.'  *  *  *'' *Larsen v. Martin,* supra.

The objection commonly urged is that the findings do not support the judgment. In the case at bar, however, they exactly support the judgment and we think that findings were made upon all of the material issues. The issue was made by the plaintiff's allegation, denied by the defendant, that plaintiff was "actually and necessarily engaged in the performance of his duties as county surveyor" for the number of days specified in the complaint. In this respect, the com-

plaint follows the statute which authorizes compensation for ''services while actually and necessarily engaged in performing the duties of their offices'' and retroactive compensation for ''such services   *  *  * performance of which was required by the statutes in effect at the time of the performance of such services.'' The complaint alleges that a series of tabulations ''showing the work actually performed by plaintiff during the times mentioned'' is made a part thereof, and alleges further that ''That period of time designated as 'Routine work for county' was spent by plaintiff'' in various types of office work.

Plaintiff contends that the trial court allowed compensation only for what plaintiff described as engineering ''work'' and not for ''routine services'', office work and the like. But in view of the condition of the record we cannot say what if any routine services were performed, since we are informed that the evidence on the subject was disputed.

The court, having elected to make special findings, was required to find on all material issues raised by complaint and answer, but it was not required to split up those issues or to make separate findings as to the particular days on which either work or service was performed, or to make a finding as to what was done as work and what as service, if there be a distinction between the two. The only requirement is that the findings shall cover the material issues. The court found that the plaintiff *"performed services* in amounts as follows: work done  *  *  *"*, etc. (Italics ours.) The findings were sufficient. We realize that the plaintiff may earnestly desire a decision which will exactly define the duties and services for which he will be entitled to compensation

in the future, but the record in this case does not authorize such a decision. We therefore decline the invitation.

■ The defendant and cross appellant asserts that the court "erred in rendering decision and including in the judgment the sum of $670 for 67 days services performed by appellant as county surveyor for private clients for which appellant had already been compensated directly by his private clients", but the defendant filed no objections to the findings of the trial court and requested no other or different findings. Under the ruling of *Consolidated Freightways, Inc. v. West Coast Fast Freight, Inc.,* 188 Or. 117, 212 P. 2d 1075, on petition for rehearing, 50 A. S. 169, the defendant's appeal raises no question for consideration by this court.

The judgment is affirmed.

PAGE, J., did not participate in this decision.