Submitted January 15, reversed and remanded March 19, 1958

# TULLY *v.* TULLY
### 322 P. 2d 1085

Francis F. Yunker, Portland, for appellant.

Samuel M. Suwol, Portland, for respondent.

PER CURIAM.

The plaintiff brought this action to recover damages for the unlawful conversion of personal property by the defendant. A jury trial being waived, the issue was tried to the trial court. The plaintiff prevailed and the defendant appeals.

The defendant assigns error in three particulars: (1) There is no substantial evidence to sustain the judgment; (2) the court erred in not adopting the defendant's proposed findings of fact; and (3) the judgment is voidable because the trial court failed to make and enter any findings of fact, either special or general.

■ We consider the defendant's second assignment of error without merit, for it calls for our determination of the issues based upon conflicting evidence. This is an action at law and if there is any substantial evidence to support the judgment we are precluded by Article VII, § 3 of our Constitution from a re-examination of the conflicting evidence. *McCulloch v. Kollock,* 147 Or 283, 32 P2d 770; *Morris v. Leach,* 82 Or 509, 162 P 253.

■ As to defendant's first assignment of error, the evidence offered discloses that plaintiff and defendant were husband and wife. The defendant had instituted proceedings for a divorce from the plaintiff, and had left the common residence of the parties. While the divorce proceedings were pending the defendant broke into and entered the former home of the parties where the plaintiff was then residing, and at a time when the plaintiff was absent. At this time there were articles in the home which belonged to the plaintiff; they were not there after the defendant's entry into the house.

While the defendant denied the taking of the alleged articles, the circumstances are such that triers of fact could find the taking was by the defendant.

■ Defendant's third assignment of error necessarily requires further proceedings in the trial court. In an action at law tried to the court without a jury, general or special findings of fact are necessary to support a judgment. ORS 17.430. If no findings are made the judgment is not, however, void ab initio, but only voidable. *Glickman v. Solomon,* 140 Or 358, 12 P2d 1017.

■ In this case we see no reason to order a new trial, but it should be pointed out defendant asked for special findings of fact. Since this request was made, before a completely valid judgment can be entered the request will require the trial court to make and enter special findings of fact. *Du Mond v. Byron Jackson Co.,* 139 Or 57, 6 P2d 1096. The defendant will then have the opportunity to object to the findings made, as provided by statute, as well as to appeal from the new judgment, as wisdom dictates.

The judgment is reversed and the cause remanded for further proceedings conformable to this opinion.

KESTER, J., resigned before this decision was rendered.

SLOAN, J., did not participate in the consideration or decision of this case.