Argued September 10, affirmed October 8, petition for
rehearing denied November 5, 1958

## RYLAND v. RYLAND
330 P. 2d 175

*Reuben Lenske* argued the cause for appellant. On the briefs were Lenske, Spiegel & Spiegel, Portland.

*Cleveland C. Cory*, Portland, argued the cause for respondent. With him on the brief was Clarence R. Wicks, Portland.

Before Perry, Chief Justice, Rossman, Warner and McAllister, Justices.

PER CURIAM.

This is an appeal in an action wherein the plaintiff, Sheila Ryland, seeks to recover damages from the defendant, Joseph Ryland, her brother, for injuries resulting from defendant's negligent operation of an automobile owned by defendant and while he was carrying plaintiff as one of three guest passengers. Plaintiff appeals from a judgment in favor of defendant after trial by the court sitting without a jury.

Plaintiff seeks to avoid the limitations on her right to recovery under the Guest Passenger Act (ORS 30.110) by alleging in her complaint gross negligence and reckless driving by defendant in three particulars: (1) failure to keep a proper lookout; (2) operating at a speed of 85 miles per hour; and (3) failure to keep the vehicle under control.

She testified as the reason for defendant's conduct, that he was under the influence of intoxicating liquor. This she claims was unknown to her when she entered the automobile. She further claims that shortly prior to the time of the collision she asked defendant to cease driving and permit someone else to drive or, in the alternative, permit her to leave the automobile, but defendant refused to acquiesce to either request.

The answer admitted that plaintiff was riding in an automobile owned and operated by him, but denied the other material allegations of the complaint. The defendant also alleges as a further defense that if plaintiff's injuries were caused by his gross negligence, plaintiff was guilty of contributory negligence in entering and remaining in the automobile, although she knew, or should have known, of the manner of defendant's driving, and in failing to remonstrate as to his manner of driving.

After the court announced its decision favorable to defendant, the defendant submitted proposed general findings of fact and conclusions of law to which plaintiff objected. She requested the court to make special findings on each issue in the case and in accordance with special findings of fact and conclusions of law as submitted by her. The court, however, entered the general findings as proposed by defendant and dismissed plaintiff's complaint.

Plaintiff assigns two errors: (1) the court's refusal to make special findings; and (2) the court's refusal to make the special findings tendered by plaintiff.

■ ORS 17.430 provides, in part: "* * * The decision shall consist of either general or special findings * * *. All parties appearing in the case shall have the right to request either special or general findings. * * *" But, as we held in *Ervast v. Sterling,* 156 Or 432, 437, 68 P2d 137, this does not require that the judge must enter special findings. We there held that the enactment placed special findings in the same category with special verdicts, and, therefore, the question of whether the same shall be entered rests in the sound discretion of the trial judge. The foregoing construction made in Ervast has since been consistently followed. See *State ex rel. Bassett*

*v. Bassett,* 166 Or 628, 635, 113 P2d 432, 114 P2d 546; *Larsen v. Martin,* 172 Or 605, 610, 143 P2d 239; *Howard v. Klamath County,* 188 Or 205, 215, 215 P2d 362.

Plaintiff's second assignment is in the nature of an invitation to this court to re-evaluate the weight of the evidence and the credibility of the witnesses.

■ In a law action, where trial by jury is waived, the finding of the court upon the facts has the force and effect of a verdict. ORS 17.435. To sustain a judgment based upon the trial court's findings, it must appear that the findings support the judgment, and, in turn, that substantial evidence supports them. *State ex rel. Sinclair Provision Co. v. Warren Const. Co.,* 129 Or 58, 59, 276 P 260.

■ The appellant's claim that the court erred in refusing to make special findings submitted by plaintiff is tantamount to challenging the court's general findings which the court did make and which findings are conclusive unless found not to be supported by substantial evidence. *Sexton v. Kelly,* 185 Or 1, 7, 200 P2d 950, and cases there cited.

In essence, it challenges the trial court's judgment as resting upon findings which are not supported by substantial evidence and casts upon us the duty to examine the entire record. This we have done.

■ But, as was said in Sexton, supra, a case wherein a jury was waived: "It is not the function of this court in law actions to pass on the credibility of witnesses, to weigh the evidence, or to resolve the conflicting testimony." (185 Or at p 12).

■ From our examination, we are of the opinion that there was substantial evidence from whence the court might well have found that the defendant was

not guilty of gross negligence, and also that plaintiff was guilty of contributory negligence.

Finding no merit in either of plaintiff's two assignments of error, the judgment will be affirmed.

ROSSMAN, J., specially concurring.

As the majority opinion states, the plaintiff testified that shortly prior to the accident she requested the defendant to "permit her to leave the automobile, but defendant refused to acquiesce" in her request. The presiding judge [not the trial judge], upon motion of the defendant, struck from the specifications of gross negligence which formed a part of the complaint an averment setting forth that after the plaintiff had admonished the defendant concerning the manner in which he was driving the automobile and had requested him to permit someone else to operate it "or, if defendant refused to do that, to permit plaintiff to get out of said automobile." The order which struck the averment stated that evidence in its support would be admissible under the remaining parts of the pleading. The answer alleges that although the plaintiff "well knew, or should have known, of the manner in which defendant was operating said automobile, she nevertheless entered and remained in said automobile and failed to depart therefrom." Based upon the circumstances just mentioned, the plaintiff contends in this court that after she had asked the defendant to stop the automobile so that she could depart from it, and the defendant had refused to do so, she was no longer a guest but was a captive of the defendant. Proceeding further with that contention, she argues that after her request and the defendant's refusal of it, the automobile guest statute (ORS 30.110) was not applicable and that

it was unnecessary for her to prove recklessness or gross negligence. Simple negligence, according to her, thereupon sufficed to establish her cause. The opinion of this court does not state the disposition of that issue. The plaintiff's testimony that she protested the manner in which the car was being operated and that she requested permission to depart from it was not contradicted. The plaintiff's veracity, however, was not left unimpaired. The trier of facts was not required to accept her testimony as the truth. That being so, the general finding, which has the effect of a jury's verdict, must be construed by us as a holding against the plaintiff's affirmation that she requested the defendant to stop the car and permit her to leave. Thus, she failed to bring her case to the point where it became necessary to consider whether the cause was controlled by ORS 30.110. It is worthy of note that the complaint makes no averment that the plaintiff was a captive, and depends upon charges of recklessness and gross negligence; none of simple negligence.