Argued July 6, affirmed July 26, petition for rehearing
denied September 5, 1961

# STATE HIGHWAY COMMISSION ex rel PANTOVICH CONSTRUCTION COMPANY v. BRASSFIELD ET AL

363 P. 2d 1075

*Leo Levenson,* Portland, argued the cause for appellants. With him on the brief was Norman B. Kobin, Portland.

*Thomas B. Brand,* Salem, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Rossman, Perry, Goodwin and Lusk, Justices.

GOODWIN, J.

Defendant general contractors appeal from a judgment in favor of the plaintiff subcontractor for $3,720.15 awarded by the trial court sitting without a jury in an action to recover an alleged balance due under a highway paving contract. The plaintiff is a corporation. The named defendants include parties interested in the defendant M. J. Brassfield's business, but in this opinion we will refer to the parties simply as plaintiff and defendants.

The first assignment of error charges the trial court with failure to comply with ORS 17.430:

"* * * Findings of court; request for; service; filing; objection to. Upon the trial of an issue of fact by the court, its decision shall be given in writing, and filed with the clerk within 30 days after the submission of the issue of fact to the court. The decision shall consist of either general or special findings without argument or reason therefor. All parties appearing in the case shall have the right to request either special or general findings. Any findings so requested by any party shall be served upon all other parties who have appeared in the case, and such adverse parties may, within 10 days after such service, present to the judge objections to such proposed findings or any part thereof and request other, different or additional findings. When the findings are prepared by the court or judge thereof without request by any party for either special or general findings, such findings shall be filed with the clerk, and the clerk forthwith shall mail a copy thereof to an attorney of record for each party appearing in the case, and any such party may, within 10 days after the filing of such findings, object thereto and request other, different or additional findings. If objections are filed to such findings and request is made for other, different or additional findings, such objections and request shall be heard and determined by the court within 50 days from the date of filing of the findings, and not thereafter, and if not so heard and determined within that time the objections and request shall be conclusively taken and determined denied. Nothing in this section shall prevent the court from either shortening or extending the time in which to file objections or request other, different or additional findings or prevent the parties to the case stipulating or agreeing to the findings to be entered. * * *"

The only finding of fact made by the trial judge was as follows:

"The court finds for plaintiff against defendants in the sum of $3,720.15."

While the timely objections filed by the defendants attacked the foregoing finding of fact for its economy of words, it is apparent that the real objection in the trial court and on appeal is not to the form of the finding. The defendants object to the refusal of the trial judge to vacate his finding and to adopt the substitute findings tendered by the defendants. The defendants' proposed findings, if adopted, would have required the trial judge to reverse himself. The defendants assign error to the refusal of the court to do so.

The transcript reveals substantial evidence to support the general finding that the defendants owed the plaintiff $3,720.15. The only issue of consequence was whether the defendants had agreed to pay the plaintiff certain amounts claimed under the contract. Many of the items were admitted. Only one major item was denied. It would have served no purpose for the trial court to adopt the numerous, repetitious, irrelevant, and for the most part argumentative findings tendered by the defendants even if the trial court had been of the opinion that the defendants were entitled to prevail.

■■■ The statute provides that findings may be either general or special. *Ryland v. Ryland,* 214 Or 548, 330 P2d 175. We believe that the trial judge could have, and no doubt would have, prepared more detailed findings had they been requested before his decision was announced. However, as pointed out in the *Ryland* case, the choice of special or general findings was dis-

cretionary. The request that the court reverse itself after the case had been submitted and decided was not a request to enter special findings within the meaning of the first part of ORS 17.430. The statute should be read as if it were divided into subsections governing the different procedures to be followed in the situations described. The request made by these defendants, while proper and timely, was a necessary step to preserve the record upon appeal. *Mullennex v. Draper*, 220 Or 1, 2-3, 347 P2d 990. It was not a request for the equivalent of a special verdict. *Ryland v. Ryland*, supra.

■ While not required by ORS 17.430 to do so, the trial judge mailed to counsel for all parties a letter in which he outlined the calculations which resulted in the amount of the plaintiff's judgment. Such a letter did not constitute findings under ORS 17.430, but by the formality of a heading could have done so. We mention this only to show that the defendants were not prejudiced.

■ On the narrow issues presented to the trial court, the general finding was adequate to support the judgment. It would be pointless to remand the case to the trial court to go through the motions of entering findings of a more detailed nature. The defendants know exactly what they owe the plaintiff and why. This court, in reviewing the record, had no difficulty in discerning the basis of the judgment. *Maeder Steel Products Co. v. Zanello*, 109 Or 562, 572, 220 P 155.

In finding for the plaintiff, the trial court necessarily accepted the plaintiff's version of certain disputed facts which will be noticed in connection with another assignment of error. Since there was adequate evidence to support the trial court in so doing, there is nothing for this court to review in that connection.

*Miller Lumber Corp. v. Miller,* 71 Adv Sh 1017, 225 Or 427, 357 P2d 503.

■ The defendants next contend that the court should have found for the defendants on a specific item of $1,500. The judgment includes $1,500 which the trial court identified in its letter to counsel but did not otherwise segregate. However, the evidence leaves no doubt as to the source of the figure. The $1,500 was a bonus for early completion of the plaintiff's subcontract. There is no dispute that the plaintiff accelerated its work and finished well ahead of schedule. There is no doubt that the bonus was earned, if there was an enforceable promise. The defendants denied the promise to pay the $1,500. They further alleged that the promise, if made, was unsupported by consideration. The defendants contend that since the plaintiff was bound to complete the grading and other preparation for paving a road in an expeditious manner, and no later than the completion date provided in the main contract with the highway commission, there was no consideration for a promise to pay a $1,500 bonus for earlier completion.

The assignment of error is without merit. The evidence revealed that it was to the advantage of the defendants to have the plaintiff prepare the subgrade several days in advance of the paving deadline in order to utilize a paving subcontractor's equipment before it was moved to another job. There was evidence to support the trial court in finding additional consideration for the promised bonus, and that the promise was in fact made. The bonus involving only questions of fact, the finding of the trial court is final.

■ One of the proposed findings of fact which the defendants urged upon the trial court and renew on appeal would have determined that the defendants

were entitled to a set-off of some $1,931. The defend-
ants contend that they are entitled to a credit against
the plaintiff corporation because of an alleged debt
owed two of the defendants by the principal stock-
holder of the plaintiff corporation, and his wife, who
is not a stockholder. The mere statement of the claim
refutes it. There is also a total absence of a foundation
in the pleadings or proof to permit the brushing aside
of the corporate veil to permit a creditor of a stock-
holder to set off his claim in an action to recover money
due the corporation. See *Miller Lumber Corp. v.
Miller,* supra. As far as the proof is concerned, the
court was fully justified in rejecting the claim as un-
proven even if there were some legal theory upon
which it could have been asserted. This proposed find-
ing of fact was properly rejected by the trial court.

The trial court having fully considered the issues
made up by the pleadings and proof, and having found
for the plaintiff on the only substantial question in
the case, namely that the defendants owed the plain-
tiff some $3,720.15 which was unpaid at the time of
trial, the judgment is affirmed.