Argued September 15, reversed and remanded December 23, 1964

# WALD *v.* WALD
### 397 P. 2d 541

*Charles V. Elliott,* Portland, argued the cause and filed briefs for the appellant.

*Philip A. Levin,* Portland, argued the cause for respondent. On the brief were Pozzi, Levin and Wilson and Garry Kahn, Portland.

Before McAllister, Chief Justice, and Perry, O'Connell, Goodwin and Lusk, Justices.

PER CURIAM.

■ The plaintiff commenced this suit for a divorce. Before termination of the suit, the plaintiff asked leave to amend his complaint and seek an annulment on the grounds that a prior divorce decree obtained by the defendant from her former husband was invalid. The trial court granted plaintiff's motion, and a decree was entered annulling the marriage of plaintiff and defendant.

The trial court, without making special findings of fact constituting unusual circumstances as required by ORS 107.100(1)(c), allowed the defendant substantial alimony.

Since the statute specifically required findings of fact under these circumstances to be set forth in the decree before an entirely valid judgment can be entered, the decree must be reversed and the cause remanded for further proceedings.

It is not necessary, however, that a new trial be had, but only that the findings be set forth in the decree, and from this new decree either party may appeal. *Tully v. Tully*, 213 Or 124, 322 P2d 1085.

Should the trial court enter findings of fact supporting an allowance of alimony a new decree must be entered.

■ From the record it appears to us that the alimony allowance was to some degree affected by the fact that the plaintiff had not been entirely frank in disclosing his financial worth. The fact that he was not entirely frank should not enter into the allowance as alimony is allowed not as a punishment but for the support of the spouse. It also appears to us that in making the allowance of alimony the trial court failed

to take into consideration the fact that the defendant contributed nothing to the family exchequer and also the short duration of the purported marriage.

The decree is reversed and remanded. Neither party to recover costs or disbursements in this court.