Argued March 3, affirmed April 8, 1970

*LEO, Respondent, v.* HELLER, *Appellant.*

467 P. 2d 439

*Norman L. Lindstedt,* Portland, argued the cause for appellant. With him on the brief were Buss, Leichner, Lindstedt, Rose & Barker, Portland.

*Victor C. Hefferin,* Portland, argued the cause for respondent. With him on the brief were Rask & Hefferin, Portland.

HOLMAN, J.

This is an action for damages for alienation of affections. Defendant appealed from a judgment for plaintiff which resulted after a trial before the court without a jury.

■ Defendant contends that the evidence is insufficient to sustain the judgment. A recapitulation of the testimony would add little to the jurisprudence of this state. Suffice it to say, we have read the tran-

script and believe that there was sufficient evidence to sustain the judgment.

■■ Defendant, before trial, requested special findings. She now contends that the special findings of fact were insufficient to sustain the judgment because there was no finding "of a causal connection between the conduct of the defendant and the purported loss to plaintiff." The findings of fact and the conclusions of law were separately stated. Among the conclusions of law was the following:

"I

"The controlling cause of the estrangement of the plaintiff from Lawrence Leo and the consequent loss of consortium of plaintiff was the conduct of the defendant in fostering a relationship with Mr. Leo from October 1965 to October 1967."

Conclusion of Law I is, in fact, a special factual finding of causation. A special finding of fact is defined in *Larsen v. Martin,* 172 Or 605, 143 P2d 239 (1943) to be as follows:

"* * * A special finding is 'a statement of the ultimate facts on which the law of the case must determine the rights of the parties; a finding of the propositions of fact which the evidence establishes, and not the evidence on which those ultimate facts are supposed to rest.' * * *." 172 Or at 610.

The so-called Conclusion of Law I meets this definition. While ORS 17.431 (1) requires that findings and conclusions be stated separately, nevertheless, a finding of fact is not turned into a conclusion of law by so designating it. It is still a finding of fact and we will so treat it. It was sufficiently separately stated, so it did not "* * * produce any uncertainty or confusion as to the distinct and separate effect * * *."

*See Weissman v. Russell,* 10 Or 73, 74-75 (1881), where findings of fact and conclusions of law were held valid though under the same heading. Defendant's charge of error is without merit.

 Defendant next contends that the court erred in disregarding the testimony of defendant's witnesses where they were not impeached and no rebuttal testimony was offered. Much of the testimony offered by defendant was of the kind that plaintiff would not likely be able to secure knowledge or evidence of its truth or falsity. Thus, plaintiff would not be in a position to contradict it. Under such circumstances, the finder of facts is not required to accept the testimony at face value. *Rickard v. Ellis,* 230 Or 46, 51-54, 368 P2d 396 (1962). Other of defendant's testimony was merely a contradiction of testimony that plaintiff had already adduced. Such testimony would not have to be rebutted. The testimony that was not rebutted and which was within the knowledge of the plaintiff was not fatal to plaintiff's case.

Lastly, defendant contends that:

"The Circuit Court erred in finding an interference in October, 1965, when the facts and the judicial admission contained in the plaintiff's complaint indicated that she enjoyed her conjugal relations through July 25, 1966, and defendant objected to evidence prior to said date."

While the defendant's exact contention is not plain, it cannot be valid because plaintiff's complaint also alleged:

"* * * that over a long period of time prior to July 28, 1966, and subsequent to July 28, 1966, the defendant * * * intending to injure plaintiff and deprive her of her said husband * * * enticed him to leave and desert plaintiff * * *."

The facts and the findings certainly were within such an allegation. The facts were such that an interference could have been found by the court at any time within an extended period. An interference with a marital relationship may occur prior to the actual termination of the relationship.

The judgment of the trial court is affirmed.