Argued October 26, 1970, affirmed February 18, petition for rehearing denied March 2, 1971

WELLS ET AL, *Respondents, v.*
DAVIS, *Appellant.*
480 P2d 699

*William G. Whitney*, Portland, argued the cause and filed a brief for appellant.

*James V. Hurley*, Bend, argued the cause for respondent. With him on the brief were Gray, Fancher, Holmes & Hurley and B. D. Fancher, Bend.

DENECKE, J.

Plaintiffs obtained a judgment for the amount of their real estate commission after a trial before the court. The defendant appeals.

The plaintiff realtors were representing the defendant, Davis, in an effort to sell his large ranch. The Crossleys were interested and the realtors prepared an offer for them whereby they would exchange cash and certain properties owned by the Crossleys for the Davis ranch. Davis accepted this offer to exchange and signed the exchange agreement. At this same time he also executed a note prepared by the realtors

which, in part, states: "For services rendered * * * Davis agrees to pay Relco Realty * * * $25,000 * * * Terms to be arranged, to satisfy both parties."

Due to the failure of either Davis or the Crossleys to comply with the exchange agreement, the exchange was never completed. Davis contends the fault was that of the Crossleys and, therefore, Davis owes no commission.

■ Defendant contends the trial court erred in permitting the plaintiff to file an amended complaint before trial because "it substantially changed the cause of action." The trial court did not err. The trial court has the discretion before trial to allow an amendment substantially changing the cause of action. ORS 16.390. *Zimmerle v. Childers*, 67 Or 465, 470, 136 P 349 (1913).

■ Likewise, no error was committed because the plaintiffs failed to allege that they were licensed real estate brokers. ORS 696.710. The defendant did not object to this omission and evidence of licensing was received without objection.

Defendant contends and alleged in his answer that his obligation to pay the commission is to be determined from a consideration of both the note and the exchange agreement and that his obligation as expressed in these two documents is conditioned upon the successful completion of the exchange. He asserts that because the exchange was not completed there was a failure of consideration. Defendant assigns as error the trial court's conclusion that only the note could be considered in determining whether defendant's obligation to pay was conditional and the trial court's ruling that the defendant's obligation to pay the commission was unconditional.

■ We need not determine whether the trial court

erred in these respects. If the defendant's contention is correct that the exchange agreement must also be considered in determining the agreement of the parties, such agreement provides that if the agreement is not consummated because a party fails to perform, such party shall pay the realtors' commission.[1] The trial court found as a fact that the agreement was not consummated because the defendant failed to perform. The applicable provision of the exchange agreement is:

"* * * [I]t is further agreed that should either party hereto fail to perform and carry out his part of this agreement, such party so failing shall pay all of the brokers' commissions which the first and second parties have agreed or may hereafter agree to pay by reason of this transaction, this promise being made directly for said brokers' benefit * * *."

■ The trial court wrote a memorandum opinion in which it found: "The parties attempted to close the exchange agreement, but negotiations subsequently failed when the defendant refused to comply with the exchange agreement in the Spring of 1968." This was in a document labeled, "Memorandum Opinion"; however, the trial court closed the opinion stating: "However, since findings were not requested, I will state I am filing this memorandum opinion in the case." The opinion was filed. We construe the statement of the trial court as a finding of fact upon this issue.

■ Findings of fact can assume any form the trial court desires as long as the court's intent to accord to

---

[1] In view of our interpretation of the entire agreement we do not need to rely upon the dictum of Setser v. Commonwealth, 256 Or 11, 470 P2d 142, 145-147 (1970), to the effect that that case could have been decided upon the principle that unless there is a specific agreement to the contrary, a realtor's commission is not earned until the sale is consummated.

its statements the character of findings of fact can be determined. In *State Highway Com. v. Brassfield*, 228 Or 145, 149, 363 P2d 1075 (1961), we stated that a letter from the trial court to counsel could constitute findings of fact if the trial court had indicated that was its intention.

The finding was within the issues raised by the defendant. Defendant contended that there was no evidence to support this finding. The testimony of the plaintiff Wells does support the finding.

There being evidence to support the finding that the defendant failed to perform and the agreement providing that the party failing to perform his part of the agreement is liable for the commission, the decision is affirmed.

Affirmed.