Submitted November 1, affirmed December 16, 1976, petition for rehearing denied with opinion (See 277 Or 93) January 27, 1977

JEWELL et ux, *Respondents,*

*v.*

COMPTON et ux, *Appellants.*

(Trial Court No. 409-210, Case No. 24520)

557 P2d 650

Richard N. Compton, Portland, filed the briefs pro se for appellants.

Philip H. Lowthian and Anderson, Hall, Lowthian, Gross & Grebe, Portland, filed the brief for respondents.

Before Denecke, Chief Justice, and McAllister, O'Connell, Tongue, Howell, Bryson and Bohannon, Justices.

BOHANNON, J. (Pro Tempore).

**BOHANNON, J.** (Pro Tempore).

■ This is an action at law on a promissory note. The cause was tried before the court without a jury. The court found in favor of the plaintiffs and entered judgment against the defendants for the face of the note in the amount of $2,750 together with interest in the sum of $1,650 and attorney fees in the sum of $750. The trial was not reported; no special findings were timely requested; and no agreed narrative statement was filed. Ordinarily under these circumstances, this court is limited to a review of the sufficiency of the pleadings and a determination of whether the pleadings support the judgment. *Mattila et ux v. Olsvick,* 228 Or 606, 365 P2d 1072 (1961); *St. Clair v. Jelinek et ux,* 187 Or 151, 157, 210 P2d 563 (1949).

■ In this case, however, the trial judge filed a memorandum opinion which concluded in part with the statement: "Counsel for plaintiffs may submit a judgment consistent with this Memorandmm [sic] Opinion * * *." Thereafter, the court entered a judgment which made reference to the memorandum opinion and which also made reference to the findings of the trial judge contained in the memorandum opinion. We construe these circumstances as evidencing an intent on the part of the trial judge to accord to his memorandum opinion the status of findings of fact.

■ As said in *Wells v. Davis,* 258 Or 93, 96-97, 480 P2d 699 (1971):

> "Findings of fact can assume any form the trial court desires as long as the court's intent to accord to its statements the character of findings of fact can be determined * * *."

So in this case in addition to the pleadings and judgment we will also consider the findings of the trial judge as expressed in his memorandum opinion for the purpose of determining whether the findings support the judgment.

The complaint is in the usual form of an action

[ 1033 ]

upon a promissory note and therein it is alleged in part that on or about January 23, 1965 defendants executed a promissory note to plaintiffs in the amount of $2,750 with interest at 6 percent per annum until paid.

To the complaint the defendants filed their answer as follows:

"I.

"Admit the execution of the note referred to in Paragraph I of the plaintiffs' complaint but deny that anything is due from the defendants thereof [sic], but on the contrary allege that the plaintiffs are indebted to the defendants as is more fully set forth hereinafter.

"II.

"Defendants deny Paragraph II in which it is alleged that defendants have not paid said note and on the contrary allege that they have greatly over-paid said note.

"III.

"Defendants deny Paragraph III.

"AND, FOR THEIR FURTHER ANSWER AND CROSS-COMPLAINT, defendants allege:

"I.

"That commencing about sixteen years prior to the filing of their complaint, the parties hereto, who during the early years of that time were neighbors, began a course of dealings between them including, on the part of the defendants, the providing of various automobiles and the giving of same by defendants to plaintiffs, or the sale thereof, at prices radically lower than the market price, and in addition thereto the defendant, Richard Compton, maintained the said motor vehicles at the request of the plaintiffs and in return said plaintiff, Gordon Jewell, compensated for these transactions by doing various linoleum jobs for defendants.

"II.

"This friendly relationship existed until defendants purchased from the plaintiffs in October 1963, the plaintiffs' home at 4028 S.E. McLoughlin Blvd., Portland, Oregon and in which an original note for the balance was given by the defendants. This original note was later replaced by the note in question, dated

[ 1034 ]

January 23, 1965, upon defendants giving to plaintiffs another automobile which was used by plaintiff, Gordon E. Jewell, in his business.

"III.

"Plaintiffs upon the sale of their home at 4028 S.E. McLoughlin Blvd., to defendants, then purchased an older home at 3205 S.E. Salmon. Plaintiffs shortly after purchasing this home, requested defendant, Richard N. Compton, to help them in the remodeling of said home by designing and building a new kitchen, and doing plumbing and electrical work, as needed and requested. Defendant, Richard N. Compton, at plaintiffs request did perform said services by installing a new 200 Amp Electrical Service and Fuse box plus the change over of existing wiring besides new installations for dryer, stove, hot water heater and kitchen. Defendant, Richard N. Compton, then designed, furnished much material, built and help [sic] install a complete modern kitchen for the plaintiffs. The installation of said kitchen included all electrical wiring and plumbing as well as the installation of fixtures. The construction of all the kitchen cabinets by defendant, Richard N. Compton, are exceptional in that all exterior facings of the cabinets are covered by a laminate such as formica with built in appliances. Defendant, Richard N. Compton, furnished well over four hundred (400) hours labor on this project, much of which work was performed in plaintiffs' home with said services and material reasonably worth Four thousand ($4,000) Dollars.

"IV.

"Defendant, Richard N. Compton, later was requested by plaintiff, Gordon Jewell, to perform electrical and plumbing work on a rental home at _____, purchased by plaintiffs. This said service was performed by defendant, Richard N. Compton, who does not recall the time spent on said project except that it was several afternoons.

"V.

"Defendant, Richard N. Compton, for these many years, has been performing mechanical services, such as tune-up, brake service and other minor mechanical services on plaintiffs' motor vehicles at plaintiffs' request.

[ 1035 ]

## "VI.

"Plaintiff, Gordon E. Jewell, in turn, since the existence of said note in question has performed linoleum work four times for defendants. These linoleum services were all performed on a house located at 4115 S.E. 9th Street and consisted of an installation of a bathroom floor, small kitchen floor and twice a small utility room floor, none of which would exceed $100.00 complete.

## "VII.

"Defendants on several occasions have mentioned to plaintiffs that they should get together and settle said note but plaintiffs have ignored meeting with defendants to discuss said note although on numerous occasions when defendant, Richard N. Compton, has been doing mechanical work on plaintiffs' car, plaintiff, Gordon Jewell, has mentioned that Compton is getting far ahead of the Jewells in services performed.

## "VIII.

"Plaintiffs never denied owing the defendants and never paid any sum whatsoever, and never entered into any negotiations, but on the contrary, kept postponing any such day of reckoning, and never have made any effort to pay for the said kitchen project for which plaintiffs are indebted to defendants for a balance above the note of approximately $1,500.00

"WHEREFORE, having answered plaintiffs' complaint, defendants demand that same be dismissed and that defendants have judgment against plaintiffs in the sum of $1,500.00 and for costs and disbursements."

To the answer, the plaintiffs filed their amended reply in which they alleged that the statute of limitations had run on the cause of action and claims alleged in defendant's further answer and cross-complaint; that there was never any agreement that either party would owe the other for the value of each party's work, but rather that it would be exchanged for the mutual work of the other; that the maximum value of the work performed for plaintiffs was less than the work performed by plaintiffs for defendants; that the general agreement for the exchange of work referred to in defendants' affirmative answer was never intended or

agreed to have any relationship to the amount due plaintiffs from the defendants for the promissory note; that the total value of the work performed by plaintiffs for the defendants over and above the value of the work performed by defendants for plaintiffs when added to the amount due on the note amounted to $7,450 for which plaintiffs requested judgment.

The demand for affirmative relief by way of damages contained in the reply was abandoned by plaintiffs at trial.

Upon these pleadings the cause went to trial on February 26, 1976. As mentioned earlier, the trial judge filed a written memorandum opinion[1] in which he found in favor of the plaintiffs. Thereafter, judgment was entered in favor of the plaintiffs as mentioned above.

---

[1] "It has been established by the evidence that the defendants did execute the note in question for value and that it represented a valid and binding obligation. The issue for determination concerns the allegation of payment and overpayment alleged in the defendants' affirmative answer and counterclaim. The plaintiffs abandoned, at trial, the prayer for further relief contained in their reply, and that matter is considered by the Court as being purely defensive to the counterclaim.

"The issues of payment and overpayment as alleged in the defendants' answer and counterclaim are ones upon which the defendants bear the burden of proof, and in order to prevail they must establish those claims by a preponderance of the evidence. The Court can say that the evidence has established that the defendants paid the interest on the note for the first year, but the evidence upon the other elements is seriously in dispute.

"This represents an unfortunate situation wherein friends have been performing favors for each other until the friendship has worn thin by real or imagined abuses, until now each claims that he has been victimized by the arrangement. The principal contention of the defendants is that they performed services in remodeling the plaintiffs' kitchen to the value of $4,000.00; that it was agreed such services should be credited to the note, and that this has amounted to an overpayment which justifies the counterclaim. Both the value of the services and their application to the note are vigorously disputed, and the Court cannot say that these issues have been established by a preponderance of the evidence. Aside from the fact that the interest has been paid until January 23, 1966, the plaintiffs are entitled to judgment as prayed for in their complaint.

The defendants then filed a motion for new trial which was heard and denied. Thereafter, the defendants appealed and in their brief state the question on appeal as follows:

"The question on appeal is whether the trial court erred in not treating the kitchen, appliances and labors provided by defendants to plaintiffs as an off-set (set-off) or recoupment since said counterclaim of defendants arose out of the same contract or transaction as set forth in the complaint, as the foundation of the plaintiffs' claim."

With respect to this question we note that the trial judge in referring to defendants' counterclaim said in part:

"* * * The principal contention of the defendants is that they performed services in remodeling the plaintiffs' kitchen to the value of $4,000.00; that it was agreed such services should be credited to the note, and that this has amounted to an overpayment which justifies the counterclaim. *Both the value of the services and their application to the note are vigorously disputed, and the Court cannot say that these issues have been established by a preponderance of the evidence * * *.*" (Emphasis supplied.)

We take the foregoing statement to be a clear expression by the trial judge that he found as a fact that the defendants had not established their counterclaim by a preponderance of the evidence. We can reasonably ascribe no other meaning to it. Since we have no evidentiary record before us, we cannot review the correctness of the trial court's finding.

"Plaintiffs have raised the issue of the Statute of Limitations in their reply, and the Court finds that defense would also be a bar to defendants' counterclaim. It may well be that the defendants have a valid moral claim against the plaintiffs from their dealings in past years. If so, they have been trusting for too long, and have now lost their rights. It should be noted that this is an action at law, and not a suit in equity, and the Court is limited to the issues before it.

"Counsel for plaintiffs may submit a judgment consistent with this Memorandmm [sic] Opinion, and for a reasonable attorney's fee of $750.00."

[ 1038 ]

■ The defendants in their brief direct our attention to certain oral remarks made by the trial judge in ruling upon defendants' motion for a new trial. These remarks vary somewhat from the statements contained in the trial court's memorandum opinion. We are not entitled to accord these oral remarks the status of findings of fact or conclusions of law since there is no evidence to indicate that the trial judge intended these remarks as either findings of fact or conclusions of law. *Wells v. Davis, supra.*

The complaint states a cause of action. The findings of the trial court support the judgment entered.

■ In their brief plaintiffs request the allowance of attorney fees on appeal. The note upon which this action was brought did not provide for attorney fees on appeal. The note simply provided that defendants promised "to pay such additional sum as the Court may adjudge reasonable as attorney's fees in said suit or action." The request is denied. *McMillan v. Golden,* 262 Or 317, 497 P2d 1166 (1972).

The judgment is affirmed.