Argued and submitted March 14,
resubmitted In Banc June 16, affirmed June 23,
reconsideration denied August 7,
petition for review denied September 30, 1980 (289 Or 697)

DENLINGER, et al,
*Respondents,*

*v.*

HUTCHINSON,
*Appellant.*

(No. 78-544-L-3, CA 15250)

613 P2d 76

Thomas C. Howser, Ashland, argued the cause for appellant. With him on the briefs were Gregory A. Parker and Cottle, Howser & Cue, Ashland.

James Christian Sims, Ashland, argued the cause and filed the brief for respondent.

BUTTLER, J.

Thornton, J., specially concurring opinion.

**BUTTLER, J.**

Plaintiffs obtained a judgment against defendant in this contract action after a jury trial; defendant appeals on the sole ground that the trial court erred in denying his motion for a directed verdict. He contends that because plaintiffs alleged that they were doing business under an assumed business name they were precluded by ORS 648.090[1] from maintaining this action unless they alleged and proved they have registered the assumed business name as provided for in ORS 648.010.[2] We conclude that defendant's motion,

---

[1] ORS 648.090 provides:

"No persons carrying on, conducting or transacting business in the manner described in ORS 648.010, or having any interest therein, are entitled to maintain any suit or action in any of the courts of this state without alleging and proving that they have registered the assumed business name as provided for in ORS 648.010 with respect to the county in which the person conducted the business giving rise to such suit or action."

[2] ORS 648.010 provides:

"(1) No person or persons shall carry on, conduct or transact business in this state under any assumed name or under any designation, name or style, other than the real and true name of each person conducting the business or having an interest therein, standing alone or coupled with words which merely describe the business carried on and do not suggest the existence of additional owners, unless such assumed name or designation, name or style has been registered with the Corporation Commissioner. Words which suggest the existence of additional owners within the meaning of this section include such words as 'Company,' ' & Company,' ' & Sons,' ' & Associates' and the like.

"(2) The person or all the persons conducting the business or having an interest therein shall sign and cause to have filed a verified application for registration with the Corporation Commissioner. An application for registration shall set forth:

"(a) The designation, name or style under which the business is to be conducted.

"(b) The real and true name of each person conducting or intending to conduct the business, or having an interest therein, together with the street address of each such person.

"(c) Every county in which the assumed name or other designation, name or style is used or is intended to be used to carry on, conduct or transact business.

and his appeal from the denial thereof, present a nonissue, and affirm.

The contract which is the subject of this litigation was signed by plaintiff Klasnick as an individual, as buyer, and the defendant, as seller. The record indicates that the subsequent oral modification of that agreement was made between the same parties; no assumed name was involved. The complaint in this proceeding was brought in the name of the two plaintiffs as individuals. If nothing further appeared in the record, there would be no occasion to refer to ORS 648.090. For unexplained reasons, plaintiffs alleged in their complaint that they were partners doing business as "Oregon Mountain Wood;" assuming that allegation to be material, it was necessary to allege that "they had registered the assumed business name as provided for in ORS 648.010" as required by ORS 648.090. They did not do so, and in fact that was not the case.

Defendant filed a plea in abatement in which he alleged that the assumed business name registration for the name "Oregon Mountain Wood" stated that plaintiff Denlinger and one Neal J. Klevan were the parties in interest, and prayed for an order abating plaintiffs' action until such time as all necessary

"(d) The name and street address of the person authorized to represent the applicant or applicants for the assumed business name. If the application is granted and the assumed business name registered with the Corporation Commissioner, the person authorized to represent the registrant or registrants shall be authorized to receive notices and perform other duties required by the registrant or registrants of the assumed business name under the provisions of this chapter. The registrant or registrants shall keep current the name of the authorized representative in the office of the Corporation Commissioner.

"(e) Such other information as the Corporation Commissioner shall require.

"(3) Subject to ORS 648.015, the Corporation Commissioner shall register the assumed business name contained in the application and shall notify the registrant or registrants of such registration.

"(4) The registration of an assumed business name remains in effect until canceled."

[728]

parties were joined as plaintiffs or defendants. Attached to the plea was a copy of the certificate of registration with the Department of Commerce, Corporation Division of the state. In response to the plea in abatement, plaintiffs admitted that as of the filing of the plea in abatement the allegations thereof were true, but that since then Neal J. Klevan had withdrawn his name as a party in interest in the assumed business name registration and, therefore, the plea in abatement should be denied. Attached to the answer was a copy of the withdrawal attached to a certificate of the corporation commissioner. The trial court then denied the plea in abatement.

As the record stands, there is a certificate of registration of an assumed business name in which the only party in interest is the plaintiff Denlinger; the contract on which the complaint is based was executed only by plaintiff Klasnik as an individual and by the defendant. We conclude that on this record the allegation that the plaintiffs were doing business as "Oregon Mountain Wood" was immaterial to plaintiffs' cause of action, or their right to maintain the action; as such, it was surplusage.

However, if it was a material allegation, as the concurring opinion apparently concludes, the record does not show that the two plaintiffs were parties in interest in the assumed business name, "Oregon Mountain Wood," or that defendant waived that issue, which was fairly raised in his plea in abatement. On the record as it then stood he contended correctly that a necessary party had not been joined. After his plea was denied, defendant's only opportunity to preserve the issue was to deny the allegation in his answer, which he did; the only occasion defendant had to raise the question again was at the close of the plaintiff's case, which he did.

If the contract with the defendant were signed in the name of "Oregon Mountain Wood," or if the lawsuit were commenced in the names of the plaintiffs

dba "Oregon Mountain Wood," and the complaint did not allege compliance with the statute, defendant could have raised the issue in his plea in abatement, but those facts are not this case. As a result, it was a question of proof which could not be raised by any preliminary plea such as a demurrer or plea in abatement. Accordingly, if the allegation were material, it cannot be said that the defendant waived the contention he now argues in this court.

However, as we have said, the allegation in plaintiffs' complaint that they were doing business as "Oregon Mountain Wood" is irrelevant and immaterial. The purpose of the statutory requirement that persons doing business under an assumed name must register it and state the names of those using it in business is to inform those dealing with one or more persons using the assumed name with whom he is dealing. Here defendant did not deal with "Oregon Mountain Wood;" he dealt with Klasnick. The allegation in question amounted to nothing more than surplusage and should be ignored. The issue on the appeal, therefore, is a puff of smoke.

Affirmed.

**THORNTON, J.,** specially concurring.

While I concur in the result, I find the rationale of the majority opinion wholly untenable. As the following explanation makes clear, the majority opinion ignores essential facts in this case and disregards the plain requirements of the Assumed Business Name Law, ORS 648.010, et seq.

Plaintiffs in paragraph I of their amended complaint alleged:

"* * * Plaintiffs were partners doing business as Oregon Mountain Wood in said County and State."

ORS 648.090 provides:

"No persons carrying on, conducting or transacting business in the manner described in ORS 648.010, or having any interest therein, are entitled to maintain any suit or action in and of the courts of this state without alleging and proving that they have registered the assumed business name as provided for in ORS 648.010 with respect to the county in which the person conducted the business giving rise to such suit or action."

Plaintiffs, having alleged that they were partners doing business as Oregon Mountain Wood, were required by ORS 648.090 to prove that they had "registered the assumed business name as provided for in ORS 648.010 * * *."

If I understand the reasoning of the opinion, the majority is saying that because the original contract in issue was signed by plaintiff Klasnik only, the Assumed Business Name Law does not apply. This ignores the actual facts as well as the judicial admission contained in paragraph I of plaintiffs' amended complaint, which the majority dismisses as "a puff of smoke." What the majority is now saying is that ORS 648.010 does not apply when only one member of a firm signs a contract and does not sign the firm's name to the instrument. This emasculates the mandatory language of ORS 648.010 quoted earlier, and would effectively permit any plaintiff to plead himself around the express requirement of this section.

The testimony at trial was that both plaintiffs were carrying on a logging business as a partnership but that at defendant's suggestion and request, because Denlinger was under 21 years of age at the time, only Klasnik signed the contract. Denlinger testified that he borrowed money from his credit union for his share of the downpayment on the tractor which plaintiffs were buying jointly from defendant. An inspection of the contract itself shows that the names of both plaintiffs appear but Denlinger's name was lined out, then initialed by both Hutchinson and Klasnik. Denlinger testified that he allowed Klasnik to handle the

negotiations that led up to the signing as well as the modifications of the original contract, but that he kept abreast of matters through Klasnik.

As I see the facts, the Assumed Business Name Law plainly does apply here, but defendant waived plaintiffs' failure to allege and prove that plaintiffs' assumed business name was so registered with the Corporation Commissioner by not objecting on that ground in the plea in abatement proceeding, but rather on the ground that a third individual, Neal Klevan, was a party in interest as a membership of the partnership. *Uhlmann v. Kin Daw,* 97 Or 681, 694, 193 P 435 (1920); *Columbia River Door Co. v. Todd,* 90 Or 147, 175 P 522 (1918); and *Beamish v. Noon,* 76 Or 415, 149 P 522 (1915). Further, defendant himself filed proof of plaintiffs' registered assumed name in the earlier proceeding on defendant's plea in abatement. *Wells v. Davis,* 258 Or 93, 95, 480 P2d 699 (1971). This proof was confirmed by plaintiffs in that same proceeding when plaintiffs filed a copy of the certification of assumed business name and proof of the withdrawal of the interest of Neal Klevan.

An example of the application of the doctrine of waiver in a similar factual situation is found in *Rowland v. National Reserve Ins. Co.,* 118 Or 139, 246 P2d 210 (1926). In *Rowland* the court held that it was an abuse of trial court discretion to allow a plea of abatement to be heard regarding a defect affecting the capacity to sue raised after the plaintiff could no longer cure the defect.

Richardson, J., joins in this specially concurring opinion.