Argued and submitted March 21, reversed and remanded August 6, 1986

# PEARCE,
### dba Quicksilver Construction Company,
*Appellant,*

*v.*

## GLASS et al,
*Respondents.*

### (8689; CA A36376)

723 P2d 1031

Greg O'Neill, Bend, argued the cause for appellant. On the brief was Warren John West, Bend.

Claud Ingram, Eugene, argued the cause for respondents. With him on the brief was Bick & Monte, P.C., Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff Pearce appeals from an "amended summary judgment order" in favor of defendants.[1] The trial court granted defendants' motion for summary judgment, because plaintiff failed to allege in his amended complaint that he had registered his assumed business name, Quicksilver Construction Company. We reverse.

■ We must first determine if plaintiff has appealed from a final, appealable judgment. In *Meyer v. Joseph,* 295 Or 588, 590, 668 P2d 1228 (1983), the court stated:

> "We have treated our decision in *Longee v. Carter,* 283 Or 93, 582 P2d 1 (1978), as imposing a duty on an appellate court to dismiss, on its own motion, an appeal where there is a want of appellate jurisdiction."

We dismissed the first appeal because the judgment appealed from did not comply with ORCP 67B. *Pearce v. Glass,* 69 Or App 14, 683 P2d 569 (1984). Plaintiff's motion to reinstate the appeal was denied. *Pearce v. Glass,* 71 Or App 353, 692 P2d 173 (1984). Thereafter, the amended summary judgment order was granted, and plaintiff timely filed a notice of appeal. The question is whether that document is final and appealable. We conclude that it is.

It must be emphasized again that there is no such thing as a "judgment order." It "is a contradiction in terms and should not be used." *Gibson v. Benj. Franklin Fed. Savings and Loan,* 294 Or 702, 711 n 3, 662 P2d 703 (1983). The word "summary" in the title of the document is surplusage. The trial court, by a separate order, granted defendants' motion for summary judgment. The appropriate document to follow that disposition would usually be a "judgment" or, after an amendment, an "amended judgment."

The document appealed from contains the recitals required by ORCP 67B, that there is no just reason for delay and an express direction that judgment be entered against plaintiff. Because the character of a document is to be determined by its contents and not by its title, *Goeddertz v. Parchen,* 299 Or 277, 280, 701 P2d 781 (1985), we believe that

---

[1] Plaintiff Moore is not a party to the appeal. His claims were stricken from the amended complaint, because they were not properly joined. ORCP 28.

the document appealed from is a final judgment under ORCP 67B and appealable under ORS 19.010. We turn to the merits.

Plaintiff characterizes himself in the caption of the amended complaint as "John Pearce, dba Quicksilver Construction Company" and alleges claims for agreed wages or their reasonable value and payment for materials and supplies. Plaintiff does not allege that he had registered the assumed business name. Before filing an answer, defendants moved for summary judgment on the ground that *former* ORS 648.090[2] precludes plaintiff from bringing the action unless he alleges the registration of the assumed business name as provided by *former* ORS 648.010 (since *amended by* Or Laws 1985, ch 728, §94). The motion was supported by the affidavit of defendant Foster Glass and exhibits, including a certificate from the Corporation Division stating, in effect, that there was no assumed business name registered as Quicksilver Construction Company. A certified copy of a construction lien filed against defendants' property names the claimant as "John Pearce d/b/a Quicksilver Construction." In their affidavit defendants claim that the "arrangements for labor and materials were done with John Pearce, dba Quicksilver Construction."

Plaintiff's affidavit in opposition does not deny that he failed to register the assumed business name. Instead, he advances several reasons why registration was not done. Plaintiff does state, however, that defendants dealt with him as an individual and not under an assumed name and argues that reference to the assumed business name in the caption of the amended complaint should be treated as surplusage, relying on *Denlinger v. Hutchinson,* 46 Or App 725, 613 P2d 76, *rev den* 289 Or 697 (1980).

■ The trial court, in ruling on the motion, observed that, although plaintiff claimed that he contracted as an individual with defendants, bringing the action in the name of

---

[2] *Former* ORS 648.090, *repealed by* Or Laws 1985, ch 728, § 110, provided:

"No persons carrying on, conducting or transacting business in the manner described in ORS 648.010, or having any interest therein, are entitled to maintain any suit or action in any of the courts of this state *without alleging and proving that they have registered the assumed business name as provided for in ORS 648.010 with respect to the county in which the person conducted the business giving rise to such suit or action.*" (Emphasis supplied.)

"James Pearce, dba Quicksilver Construction Company" was fatal, and it granted the motion for summary judgment.[3]

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. ORCP 47C. The facts and all reasonable inferences are viewed in the light most favorable to the party opposing the motion. *Welch v. Bancorp Management Services,* 296 Or 208, 218, 675 P2d 172 (1983); *Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980).

■ During the relevant time, ORS 648.010 provided, in part:

"(1) No person or persons shall carry on, conduct or transact business in this state under any assumed name or under any designation, name or style, other than the real and true name of each person conducting the business or having an interest therein, * * * unless such assumed name or designation, name or style has been registered with the Corporation Commissioner."

The critical factual issue is whether plaintiff was carrying on, conducting or transacting business with defendants as provided in *former* ORS 648.010(1) or as an individual. Plaintiff, in his affidavit, states:

"[On] March 4, 1981, [defendants] entered into an oral agreement with myself wherein I was to perform some carpenter work * * *. They agreed to pay me the sum of $20 per hour with specific reimbursement for certain material costs.

---

[3] Although not raised at trial or on appeal, we note that, under our rules of procedure, summary judgment was not appropriate. The failure of a complaint to show capacity of the plaintiff to sue is a pleading defect. In *Ulhman v. Kin Daw,* 97 Or 681, 694, 193 P 435 (1920), the court examined the original version of ORS 648.090, then Or Laws 1913, ch 754, § 5, and held that the failure to file an assumed business name affects only the capacity to sue. On proper filing, "the disqualification is removed and a suit or action may be maintained on a contract made before or after such filing." *Ulhman v. Kin Daw, supra,* 97 Or at 695; *see also Hann v. Nored,* 233 Or 302, 307, 378 P2d 569 (1963).

Under ORCP 21A, lack of capacity to sue is raised by answer or a motion to dismiss. Failure to assert the defense in a responsive pleading, ORCP 19, or by a motion under ORCP 21A, constitutes a waiver. ORCP 21G(2). If a motion to dismiss is granted, the claim may be reasserted if the pleading defect can be remedied. In contrast, a motion for summary judgment is not a responsive pleading or a motion to dismiss. *See Richards v. Dahl,* 289 Or 747, 752, 618 P2d 418 (1980), where the court observed that a motion for summary judgment is not appropriate to claim that the complaint fails to state ultimate facts sufficient to constitute a claim. A motion for summary judgment goes to the merits and once granted is *res judicata. Seeborg v. General Motors Corp.,* 284 Or 695, 699, 588 P2d 1100 (1978).

"\* \* \* \* \*

"[On] February 12, 1982, I was present for the \* \* \* deposition of defendant Foster Glass. \* \* \* Throughout \* \* \* his deposition he specifically referred to his dealings with myself and at no time did he ever refer to any assumed business name of myself. At all times, defendants Glass knew they were hiring the services of \* \* \* myself \* \* \*.

"\* \* \* \* \*

"I believe that defendants Glass were dealing with \* \* \* myself individually and any reference to Quicksilver is merely surplusage in connection with the transaction involving defendants Glass \* \* \* and myself."

Given plaintiff's statements, there is a genuine issue of material fact that requires resolution. In *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978), the court, *quoting from* 10 Wright and Miller, *Federal Practice and Procedure* § 2712, offered the following caveat:

"Since its impact is rather drastic, summary judgment must be used with a due regard for its purposes and should be cautiously invoked so that no person will be improperly deprived of a trial of disputed factual issues."

It was error to grant summary judgment.

Reversed and remanded.