On respondents' petition for reconsideration filed May 24, and appellant's response to petition for reconsideration filed June 6, reconsideration allowed; former opinion (205 Or App 640, 135 P3d 345) adhered to September 6, 2006 petition for review denied January 23, 2007 (342 Or 299)

GRITZBAUGH MAIN STREET PROPERTIES, LLC;
Fran Gritzbaugh and Kim Gritzbaugh,
*Respondents - Cross-Appellants,*

*v.*

GREYHOUND LINES, INC.,
a Delaware corporation,
*Appellant - Cross-Respondent,*

*and*

Steven BROWN,
dba In Neon, The Sign Store,
*Cross-Respondent,*

*and*

LAIDLAW, INC.,
a foreign corporation,
*Defendant.*

9912-13455; A112213 (Control), A114212
(Cases Consolidated)

142 P3d 514

David N. Goulder, Richard S. Yugler, and Landye Bennett Blumstein LLP for petition.

Bradley F. Tellam, Brenda K. Baumgart, and Barran Liebman LLP for response.

Before Edmonds, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

DEITS, J. pro tempore.

**DEITS, J. pro tempore**

Plaintiffs petition for reconsideration of our opinion in *Gritzbaugh Main Street Prop. v. Greyhound Lines*, 205 Or App 640, 135 P3d 345 (2006), in which we reversed the order of contempt entered against defendants, reversed the general judgment, and ordered a new trial on the issue of punitive damages. We allow reconsideration and adhere to our former opinion.

A full recitation of the facts stated in the former opinion is not necessary to address plaintiffs' arguments in their petition. However, we repeat some of the case's procedural history. Plaintiffs brought claims of trespass and nuisance against defendants Greyhound Lines, Inc. (Greyhound), its affiliated corporation, Laidlaw, Inc., and Steven Brown, a ticket agent for Greyhound. *Id.* at 644-45. Plaintiffs also sought a preliminary and permanent injunction against defendants prohibiting the use of plaintiffs' property or adjacent property for any bus station activities. *Id.* at 645. Before trial, the trial court granted the preliminary injunction and eventually found Greyhound in contempt of the injunction, but concluded that there was insufficient evidence that Brown was in contempt. *Id.* at 645-46. After a jury trial, the trial court entered a general judgment in favor of plaintiffs on their trespass claim, awarding them general and punitive damages. *Id.* at 646. Defendants appealed the order of contempt and the general judgment, and we reversed the order of contempt, concluding that the trial court's findings of fact did not support its legal conclusions. *Id.* at 651-52. We also reversed the general judgment and ordered a new trial on the issue of punitive damages, concluding that there was a substantial likelihood that the jury's award of punitive damages was affected by the admission of the invalid contempt order into evidence at the trial. *Id.* at 654-55.

Plaintiffs argue that, in concluding that the trial court erred in finding defendants in contempt, we erroneously considered oral statements that the trial court made regarding Brown and Greyhound's other agent, Bodie Lyon. Consequently, plaintiffs argue, both our reversal of the contempt order and our reversal of the general judgment were

error. According to plaintiffs, our case law bars us from considering a trial court's oral statements as "findings of fact," where there is a written order containing findings of fact.

We acknowledge that we did consider the trial court's oral statements on the record regarding Greyhound's agents. However, we do not agree that our case law establishes a stringent rule that prevents us from considering a trial court's oral findings. Plaintiffs rely on the following cases: *Kallstrom v. Kallstrom*, 265 Or 481, 509 P2d 1195 (1973); *Montgomery v. Wadsworth Plumbing*, 278 Or 455, 564 P2d 703 (1977); *Jewell v. Compton*, 276 Or 1031, 557 P2d 650 (1976), *reh'g den*, 277 Or 93 (1977). In *Kallstrom*, the trial court entered judgment against the plaintiff. 265 Or at 482. The court noted that the trial court had made "offhand thought remarks" that the plaintiff should prevail, but that, contrary to the plaintiff's request, those "antecedent remarks by the trial court are not to be considered as findings of fact on appeal." *Id.* at 484. In *Montgomery*, the defendant argued that the parties had agreed that 17 percent of gross on each plumbing job they acquired together was to go to overhead and profit. 278 Or at 458. The trial court entered written findings that there was no such agreement. *Id.* at 459. On appeal, the court refused to consider the "comments" of the trial court during the trial that the defendant expected to get the 17 percent overhead and profit figure, because "antecedent remarks * * * are not * * * findings of fact[.]" *Id.* at 460.

Plaintiff argues that those two cases establish a blanket rule that Oregon's appellate courts cannot consider a trial court's oral statements as findings of fact. Neither case contains such a definitive holding. In those cases, the court referred to the trial court's statements as "offhand thought remarks" and "comments." In other words, the court did not consider the statements as even potential findings of fact. Moreover, the other case on which plaintiffs rely, *Jewell*, makes it clear that a trial court's oral statement is a finding of fact that we can consider, if the trial court indicates that it intends the statement to be a finding of fact. In *Jewell*, the trial court wrote a memorandum opinion at the end of an unreported trial, finding in favor of the plaintiffs. 276 Or at 1033. The defendants moved for a new trial and, during the hearing on the motion for a new trial, the trial court made

statements that appeared to contradict findings in the memorandum opinion. *Id.* at 1038-39. Among the issues that the court was asked to examine on appeal was whether the memorandum opinion's findings were to be considered findings of fact, in light of the fact that neither party requested the trial court to make special findings. *Id.* at 1033. The court concluded that the memorandum opinion's findings should be considered, relying on the holding in *Wells v. Davis*, 258 Or 93, 480 P2d 699 (1971), that "[f]indings of fact can assume any form the trial court desires as long as the court's intent to accord to its statements the character of findings of fact can be determined[.]" *Jewell*, 276 Or at 1033. The court then concluded that the oral remarks that the trial court made during the motion for new trial hearing were not findings of fact, because there was no evidence that the trial court intended them to be such. *Id.* at 1039.

We recently reiterated that rule in *Cramblit v. Diamond B Constructors*, 197 Or App 358, 366-67, 105 P3d 906 (2005). In that case, the plaintiff argued that the trial court had failed to make findings and conclusions, as required by ORCP 54 B(2), when it dismissed the plaintiffs' claim with prejudice. 197 Or App at 366. We concluded that the trial court had "on the record, provided a detailed explanation of its conclusion * * * and explicitly characterized those statements as findings." *Id.* at 367. Relying on the holding of *Wells* that "[f]indings of fact can assume any form * * * as long as the court's intent [therefore] can be determined[,]" 258 Or at 96-97, we held that the trial court had made the necessary findings and conclusions required by ORCP 54 B(2).

In this case, the trial court made the following statement at the end of the contempt hearing:

" 'The question really in this case is whether Greyhound complied with the preliminary injunction. I'm satisfied by very clear and convincing evidence that they have not complied [with the preliminary injunction] * * *.

" 'Mr. Brown, on the other hand, I would not find to be in contempt of court because I think he has made a genuine effort to try to educate his customers that they're to stay

away from [plaintiffs'] property. But Greyhound, in my opinion, has not complied with the preliminary injunction.

"\* \* \* \* \*

" 'And I don't—I'm not personally attacking Mr. Lyon. His interpretation, I think, is probably reasonable in terms of his just general understanding of court proceedings. He's not a lawyer and I would not hold him personally in contempt of court in the circumstances of this case, but the corporation admittedly acts through him perhaps and others and has not complied with the preliminary injunction.' "

*Gritzbaugh Main Street Prop.*, 205 Or App at 649.

We conclude that the trial court's statements were not mere "offhand thought remarks" or "comments." As in *Cramblit*, the trial court made findings and conclusions about whether defendants had willfully disobeyed a court order and gave a detailed explanation of its conclusions. Furthermore, contrary to plaintiffs' arguments, the trial court's written findings supported the findings that it made on the record at the contempt hearing. In its written findings, it stated that there was sufficient evidence that defendant Greyhound had intentionally violated the court order, but that there was insufficient evidence that defendant Brown had intentionally violated the court order. Those findings are consistent with the trial court's oral statements. The fact that the trial court's written findings say nothing about the actions of Greyhound's other agent, Lyon, does not mean that the trial court's oral findings with regard to Lyon are not to be considered. We conclude that the trial court evidenced its intention that its statements on the record at the contempt hearing were to be considered findings of fact. Consequently, we do not believe that we erred in considering those findings in determining whether the trial court's findings of fact were consistent with its conclusions of law. Plaintiffs' other arguments require no discussion.

Reconsideration allowed; former opinion adhered to.