TRAVELERS INDEMNITY COMPANY, *Appellant,*

*v.*

THE AMERICAN INSURANCE COMPANY,
*Respondent.*

(No. 413-086, SC 24556)

563 P2d 684

Michael J. Gentry, Portland, argued the cause for appellant. With him on the briefs were Paul R. Duden, and Tooze, Kerr, Peterson, Marshall & Shenker, Portland.

Mark H. Wagner, Portland, argued the cause for respondent. With him on the brief were Ridgway K. Foley, Jr., and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before Howell, Presiding Justice, and Bryson, Linde, and Mengler, Justices.

BRYSON, J.

## BRYSON, J.

Plaintiff (Travelers) brought this action to recover contribution from defendant (American) for monies paid and legal expenses incurred in the settlement of a third-party claim. Defendant counterclaimed on an express contract of indemnity for legal expenses incurred by it in connection with the same third-party claim. The circuit court granted summary judgment for defendant on its counterclaim and against the plaintiff on its claim. Plaintiff appeals.

Travelers is the insurer of To-Ro Enterprises (To-Ro) and additionally insured the city of Portland by and through its Exposition-Recreation Commission. American is the insurer of the city of Portland (City) "by and through its Exposition-Recreation Commission." To-Ro entered into a permit agreement with the City (through its Exposition-Recreation Commission), granting To-Ro the right to use the Memorial Coliseum to conduct its 1973 International Boat, Trailer & Sports Show.

The voluntary permit agreement provided:
"* * * * *.

"* * * COLISEUM is hereby expressly relieved and discharged from any and all liability for any loss, injury or damage to persons or property that may be sustained by reason of the occupancy of said building or any part thereof under this permit * * *.

"* * * * *.

"* * * PERMITTEE [To-Ro] agrees to conduct its activities upon the premises so as not to endanger any person lawfully thereon; and to indemnify and save harmless the COLISEUM against any and all claims for loss, injury or damage to persons or property including claims of employes of PERMITTEE or any contractor or subcontractor, arising out of the activities conducted by the PERMITTEE, its agents, members or guests. The PERMITTEE shall be required to furnish satisfactory evidence of liability insurance, including a copy of the

endorsement adding the COLISEUM as an additional insured. * * *.
"* * * * *."

Plaintiff alleges that a paying patron attending the boat show fell and injured herself; that the patron brought an action against the City and To-Ro; that plaintiff expended money for the settlement of said action and for attorney fees and costs. Plaintiff further alleges that this accident was caused by the negligence of the City and contends that American, as the insurer of the City, is liable for contribution to plaintiff under *Lamb-Weston et al v. Ore. Auto. Ins. Co.,* 219 Or 110, 341 P2d 110, 346 P2d 643 (1959).

Defendant alleges the above indemnity provisions in the permit and contends that under the terms of the indemnity provision it is To-Ro, and not the City, which must bear the cost of the third-party claim and that consequently plaintiff has no right to contribution as the funds expended by plaintiff were for the benefit of its insured, To-Ro, and not for the benefit of the parties' common insured, the City.

As hereinafter explained, the case was presented to the court in an informal manner, and the only issue to be decided was the proper interpretation of the permit agreement's indemnity provision. We understand defendant, by its conduct and argument, to have accepted the facts as presented in plaintiff's pleadings. Defendant contends that even if the accident was due to the negligence of the City, the defendant must still prevail, as a matter of law, under the terms of the indemnity agreement and our holding in *Waggoner v. Oregon Auto. Ins. Co.,* 270 Or 93, 526 P2d 578 (1974).

The trial court reviewed the cases cited by counsel and the indemnity provisions of the permit agreement and rendered its opinion from the bench as follows:

"The indemnity clause provides that the Permittee agrees to indemnify and save harmless the indemnitee against any and all claims for loss, injury or damage to

persons or property arising out of the activities conducted by the Permittee.

"The question which I must determine is whether that means that the indemnitee, the Coliseum, is protected against any and all claims for loss, injury or damage to persons or property which arise out of the Boat Show being held at the Coliseum, or whether that means that the indemnity clause only protects the indemnitee against injuries arising out of the primary activities of the Permittee. In other words, whether it only covers injuries which would be occasioned by the specific activities of the Boat Show people.

"And in reviewing the law in *Waggoner versus Oregon Automobile Insurance Company,* you will recall that the case again adopted the language taken from *Southern Pacific versus Morrison Knudsen,* an earlier case, in which they held that in an action for indemnity on an indemnity agreement, the common law distinction between active and passive negligence, and between primary and secondary negligence, becomes inappropriate, and apparently, as I interpret that case, it holds in favor of the general coverage in the indemnity agreements.

"Under those circumstances, I would interpret this to mean that the indemnity protected against all claims for loss, injury or damage to persons or property, which arises out of the general activities of the Boat Show, and consequently, under those circumstances, I would have to hold in favor of the defendant on that issue."

Plaintiff argues that the trial court's interpretation cannot stand because, as a matter of law, "this court uniformly and consistently has refused to allow indemnity for losses solely caused by indemnitees' negligence."

Contrary to plaintiff's contentions, this court, in *Waggoner v. Oregon Auto. Ins. Co., supra,* wherein the lessor indemnitee was also negligent, held, at page 97, "that the indemnitee may legally contract for indemnity for a claim based in whole or in part on its own negligence, if not 'wanton or criminal' in nature." (Quoting with approval from *So. Pac. Co. v. Morrison-Knudsen Co.,* 216 Or 398, 338 P2d 665 (1959)).

Plaintiff's complaint contains no allegations of negligence that are either wanton or criminal in nature. In *Gordon H. Ball v. Oregon Erect. Co.,* 273 Or 179, 183-84, 539 P2d 1059 (1975), we again stated:

"Contracts for indemnity are not void as against public policy in Oregon. *So. Pacific Co. v. Morrison-Knudsen Co.,* 216 Or 398, 418, 338 P2d 665 (1959). An indemnitee may legally contract for indemnity based in whole or in part on its own negligence if not wanton or criminal in nature. *Waggoner v. Oregon Auto Ins. Co.,* 270 Or 93, 98, 526 P2d 578, 581 (1974)."

■ In this case, the written indemnity agreement is in broad terms and shows an intent by the parties to hold the City harmless and indemnified from liability for persons injured on the premises during To-Ro's occupancy of the Coliseum while conducting the boat show. We find nothing unusual or contrary to public policy in the execution of the indemnity agreement by the parties. The court did not err in this respect.

Plaintiff also contends "[t]he trial court erred in entering judgment for defendant on defendant's counterclaim" because defendant offered no evidence to support its claim of $903.97 for attorney fees and defense costs.

When this case was set before the trial judge, the attorneys for the respective parties discussed the matter prior to appearance. The transcript discloses the following colloquy between the court and counsel:

"MR. WAGNER: * * * Mr. Duden and I have discussed this matter, and have agreed that there is one legal issue that may mean the disposition of the case. There is one dispute pertaining to the legal issue, and we thought if it's a procedure before the Court, we could present it to the Court and at this time we could either dispose of the case or else nonsuit it, —whatever the Court's decision would be.

"THE COURT: If we can go ahead, we will.

"MR. WAGNER: I think Mr. Duden will stipulate on the facts.

"MR. DUDEN: I don't know what the facts are, but go ahead."

The only exhibit received was the indemnity agreement. The parties appeared to have stipulated to the facts set forth in the pleadings in arguing the one legal issue in the case. Plaintiff alleged it incurred attorney fees and costs in the sum of $3,485.27, and defendant alleged it incurred $903.90 attorney fees and defense costs before plaintiff accepted the tender to defend the third-party claim. After the parties argued their respective position, the court rendered its decision as heretofore set forth.

The following then occurred:

"MR. WAGNER: Your Honor, what would be the proper format or order? I have never done this before.

"THE COURT: I would think it is a motion for summary judgment based on the legal issue involved.

"MR. WAGNER: All right.

"THE COURT: And my ruling grants it, and that sets this up for appeal.

"MR. WAGNER: Thank you very much.

"THE COURT: Any argument about that?

"MR. DUDEN: No, I agree with that."

In addition, we note that plaintiff took no exception to the trial court's determination of the counterclaim issue even though plaintiff's attorney was presented with a copy of the proposed summary judgment order 10 days prior to entry of the final judgment. We have consistently held that matters argued in appellant's brief, not presented to the circuit court, should not be considered on appeal absent special circumstances. *Friesen v. Fuiten,* 257 Or 221, 231, 478 P2d 372 (1970); *Harryman v. Roseburg Fire Dist.,* 244 Or 631, 633, 420 P2d 51 (1966).

We realize that no evidence was introduced as to the reasonableness of the charges in defendant's counterclaim. However, this case was handled by both counsel in an unusual but expeditious manner. Neither party objected to the matter being disposed of by an

oral motion for summary judgment. ORS 18.105. It would seem to be a vain, useless, and unnecessary expense to require the parties to again appear before the trial court for the sole purpose of proving the reasonableness of defendant's expenses.

Affirmed.