Argued and submitted January 23, affirmed February 11, 1980

## BARBOUR, et ux,
*Appellants,*
*v.*
## PECK, et al,
*Respondents.*

## (No. 184-416, CA 15771)

606 P2d 628

Paul Robeck, Portland, argued the cause for appellants. On the brief was Gary M. Bullock, Portland.

Katherine H. O'Neil, Portland, argued the cause for respondents. With her on the brief were Ancer L. Haggerty, Ridgway K. Foley, Jr., and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

PER CURIAM

## PER CURIAM

This is an appeal from a judgment in a property damage action after a trial to the court. One assignment of error is raised without any attempt to comply with Rule 25.10, Supreme Court and Court of Appeals Rules of Appellate Procedure, and will not be considered. Further, we are asked to reverse a judgment because of insufficiency of the evidence, but plaintiffs failed to raise that matter at trial. *Baldwin v. Miller*, 44 Or App 371, 606 P2d 629 (1980); *see also, Travelers Indemn. v. American Ins.*, 278 Or 193, 199, 563 P2d 684 (1977). Also, we are asked to pass on the credibility of witnesses, and that is not our function in an appeal from a law judgment. *Ryland v. Ryland*, 214 Or 548, 551, 330 P2d 175 (1958).

The only issue properly before us is raised by defendants' request that we apply ORS 19.160[1] and assess a 10 percent penalty against plaintiffs. We agree that this appeal is wholly frivolous and was taken without probable cause. *See Wesley v. Woods*, 42 Or App 85, 600 P2d 421, *rev den* 288 Or 1 (1979). Under the statute we, unfortunately, are limited to giving defendants a judgment based only on the judgment for costs in the trial court, which was $70.90.

An additional judgment will be entered for $7.09 in favor of defendants and against plaintiffs.

Affirmed.

---

[1] ORS 19.160:

"Whenever a judgment or decree is affirmed on appeal, and it is for recovery of money, or personal property or the value thereof, the judgment or decree shall be given for 10 percent of the amount thereof, for damages for the delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal."