Argued and submitted July 17, affirmed; damages of $1,766.23 added to judgment pursuant to ORS 19.160 September 13, reconsideration denied October 27, petition for review denied November 30, 1989 (308 Or 592)
See 100 Or App 293 (1990) for opinion on attorney fees

# COOPER,
*Appellant,*

*v.*

# MARESH,
*Respondent,*

*and*

# BROADWAY CAB COOPERATIVE,
*Respondent.*

(A8610-06137; CA A49253)

779 P2d 200

Roger Gerber, Portland, argued the cause and filed the briefs for appellant.

Ronald Allen Johnston, Portland, argued the cause for respondent Paul Maresh. With him on the brief was Johnston & Augustson, P.C., Portland.

Nolan Shishido, Portland, argued the cause for respondent

Broadway Cab Cooperative. With him on the brief were Lloyd R. Summers and Kell, Alterman & Runstein, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff and defendant Maresh (defendant) were parties to an agreement whereby the former was the purchaser of the latter's interest in a taxi cab. Plaintiff failed to make required payments, and defendant retook possession of the cab. Plaintiff brought this action, *inter alia,* for "trover" and breach of contract. The trial court granted defendant's motion for summary judgment and entered judgment for him on plaintiff's claims, on defendant's "counterclaim" for contractual attorney fees and costs and on his request for monetary sanctions against plaintiff and plaintiff's attorney pursuant to ORCP 17. Defendant sought the sanctions on the grounds that plaintiff and his attorney were prosecuting a "groundless case" and were doing so in an oppressive manner. Plaintiff appeals.[1]

Plaintiff makes thirty assignments of error. His arguments are close to incomprehensible and, to the extent that they can be understood, they are pointless or clearly wrong. Plaintiff does not demonstrate any error.[2]

Defendant requests that we allow him attorney fees under ORS 20.105, asserting that plaintiff has acted "in bad faith, wantonly or solely for oppressive reasons." On an appropriate motion with supporting documentation, we will consider such an award. *See Tyler v. Hartford Insurance Group,* 307 Or 603, 771 P2d 274 (1989).

Defendant also asks us to add 10 percent damages to the judgment, because there was no probable cause for taking this appeal. ORS 19.160 provides:

> "Whenever a judgment or decree is affirmed on appeal, and it is for recovery of money, or personal property or the value thereof, the judgment or decree shall be given for 10 percent of the amount thereof, for damages for the delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal."

---

[1] In the course of the proceedings, the trial court also entered a protective order sought by Broadway Cab Cooperative to limit the excessive discovery demanded by plaintiff. Although Broadway was not a party below, plaintiff has named it as well as defendant as a respondent.

[2] His ability to do so is further impeded by the limited portion of the record that he has designated.

There is no doubt that the appeal was taken without probable cause. This is a frivolous appeal from the judgment in a frivolous lawsuit. However, damages can be awarded under ORS 19.160 only when the underlying judgment "is for the recovery of money, or personal property or the value thereof." The only monetary awards in the judgment are for costs, attorney fees and sanctions under ORCP 17. Although not addressed by the parties, the question is whether the term "for the recovery of money" in ORS 19.160 encompasses money awarded as or for something other than damages.

In *Barbour v. Peck*, 44 Or App 363, 606 P2d 628 (1980), we assessed 10 percent damages against the appealing plaintiffs, although the only monetary recovery in the judgment for defendants was for their costs. We said:

"Under the statute we, unfortunately, are limited to giving defendants a judgment based only on the judgment for costs in the trial court, which was $70.90.

"An additional judgment will be entered for $7.09 in favor of defendants and against plaintiffs." 44 Or App at 365.[3]

It follows that ORS 19.160 is applicable to all monetary awards in judgments, not just amounts awarded as damages. Although it is probable that damage awards were the principal intended referent in the statute, its language is not ambiguous and does not limit the monetary recoveries to which it applies only to damages. We allow defendant's request for damages under ORS 19.160.

Affirmed; damages of $1,766.23 added to judgment pursuant to ORS 19.160.

---

[3] We decided *Barbour v. Peck, supra,* by a *per curiam* opinion, which treated the applicability of ORS 19.160 to a costs award as a given rather than a question. Neither plaintiff nor defendant addresses the corresponding question here, and neither cites *Barbour.* In the absence of any suggestion by plaintiff that we should overrule *Barbour,* we do not regard this case as a compelling occasion on which to reconsider it.