On counterdefendant-respondent's motion for sanctions filed February 15, attorney fees and damages awarded; motion for sanctions denied May 15, reconsideration denied August 14, petition for review denied September 24, 1991 (312 Or 150)

Stanley G. CARLETON
and Debra Carleton,
*Plaintiffs,*

*v.*

Thomas LOWELL,
*Defendant.*

Thomas LOWELL,
*Counterclaimant - Appellant,*

*v.*

Debra CARLETON,
*Counterdefendant - Respondent.*

(89-637-L; CA A65204)

811 P2d 642

P. David Ingalls and Cowling and Heysell, Medford, for the motion.

Dennis H. Black and Black, Chapman & Webber, Medford, *contra.*

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

WARREN, P. J.

## WARREN, P. J.

Plaintiff Debra Carleton (plaintiff) has moved for sanctions on appeal. The original action arose out of an automobile accident. Plaintiff sued defendant in small claims court for property damage, and defendant moved the case to district court and counterclaimed for his property damage of $200. Defendant's insurer settled plaintiffs' claim, but defendant refused plaintiffs' offer to settle his counterclaim for $200. Defendant testified that he refused the offer because he wanted to see the truth brought out at trial. He proceeded to trial *pro se,* and the court entered a judgment for plaintiffs, because defendant failed to offer any proof of damages. Plaintiff moved for attorney fees and expenses under ORS 20.105(1). After a hearing, the court found that defendant had "acted wantonly and in bad faith in continuing to prosecute this case after he was offered the full amount of his claim." It awarded plaintiff $2,000 for attorney fees. Defendant then obtained an attorney and appealed the award of attorney fees. We affirmed without opinion. *Carleton v. Lowell,* 105 Or App 635, 805 P2d 758 (1991). Plaintiff has moved for sanctions on appeal under ORS 19.160, ORS 20.105(1), ORAP 1.40 and ORCP 17C.

■ ORS 19.160 provides:

"Whenever a judgment or decree is affirmed on appeal, and it is for recovery of money, or personal property or the value thereof, the judgment or decree shall be given for 10 percent of the amount thereof, for damages for the delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal."

The statute has three elements:

"(1)   Was the judgment below for recovery of money or personal property, or the value thereof?

"(2)   Did the appellate court affirm that judgment?

"(3)   If so, the appellate court shall impose the 10 percent in damages for delay, unless the court finds, from the record, briefs, argument or otherwise, that there was probable cause for taking the appeal." *Broyles v. Brown,* 295 Or 795, 800, 671 P2d 94 (1983).

The judgment here was for the recovery of money, because the court awarded plaintiff attorney fees. *See Cooper*

*v. Maresh,* 98 Or App 371, 779 P2d 200, *rev den* 308 Or 592 (1989). We affirmed the judgment. Defendant lacked probable cause to assert that the award of attorney fees was error. As in *Broyles,* the trial court's decision was discretionary and could not have been overturned absent an abuse of discretion. ORS 20.105(1); *Zaik/Miller v. Hedrick,* 72 Or App 20, 695 P2d 88 (1985). Defendant made several arguments why the court's finding of bad faith was unwarranted, but he never disputed that he had proceeded with the action after having been offered the full amount of the claim. His only stated reason for doing so was self-gratification. Given that, it was clearly not an abuse of discretion for the trial court to conclude that defendant acted in bad faith in pursuing the claim. The appeal was taken without probable cause, and we assess damages of ten percent of the judgment pursuant to ORS 19.160.

■       Plaintiff also seeks attorney fees under ORS 20.105(1) or ORAP 1.40 and ORCP 17C. ORS 20.105(1) provides:

> "In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

To award fees under the statute, we must find that defendant asserted a meritless position and acted with an improper purpose. *Foster v. Mattiza,* 311 Or 1, 803 P2d 723 (1990). As stated above, the trial court's award of attorney fees was patently warranted, and defendant's argument to the contrary was meritless.

■       Determining whether defendant acted with an improper purpose requires an inquiry into his subjective intent. 311 Or at 10. In *Foster,* the Court limited its discussion to the improper purpose element of bad faith, noting that the three standards (bad faith, wantonly and solely for

oppressive reasons) are separate, but "a single course of conduct often will demonstrate the existence of more than one of these improper purposes." 311 Or at 9. The Court defined "bad faith" as acting with the primary aim of something other than the procurement of a fair adjudication. We may infer bad faith solely from the meritless nature of the argument in some cases. 311 Or at 10. We need not infer bad faith here solely on the basis of the meritless nature of defendant's argument, because we also infer bad faith from defendant's conduct below. Defendant went to trial in bad faith, and we infer that his motive continued when he made a frivolous appeal. This case presents an egregious example of misuse of the court system, and defendant has compounded the problem by appealing a case that never should have gone to trial. Defendant does not object to the amount of attorney fees, and we award plaintiff $3,607.40, the amount that she requested.

■　　Plaintiff also requests reimbursement for her expenses incurred in responding to the appeal. ORS 20.105(1) provides only for attorney fees, and plaintiff does not argue that the expenses are attorney fees. ORAP 1.40(3)[1] provides for attorney fees and expenses, but plaintiff does not argue that sanctions under the rule and ORS 20.105(1) may be cumulative. Therefore, we need not discuss the applicability of ORAP 1.40.

Attorney fees of $3,607.40, pursuant to ORS 20.105(1), and damages of $200, pursuant to ORS 19.160, awarded; motion for sanctions under ORAP 1.40 and ORCP 17 denied.

---

[1] ORAP 1.40(3) provides:

"Oregon Rule of Civil Procedure (ORCP) 17 is hereby adopted as a rule of appellate procedure applicable to the Supreme Court and Court of Appeals." (Footnote omitted.)