# Dyle LINN
## and Shirley Linn,
*Appellants,*

*v.*

# Arnold A. PITTS
## and Catherine L. Pitts,
*Respondents.*

(90-CV-0235; CA A72501)

858 P2d 1352

Michael Henderson, Bend, argued the cause and filed the briefs for appellants.

Thomas F. Armosino, Medford, argued the cause for respondents. With him on the brief was Bernard S. Moore, Medford.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

Plaintiffs brought this action for nuisance, arising out of farming activities on defendants' neighboring parcel. At the close of plaintiffs' case-in-chief, defendants moved to dismiss on the ground that they were immune from liability under ORS 30.930 to ORS 30.947. The trial court granted the motion, and also assessed attorney fees against plaintiffs pursuant to ORS 20.105(1). Plaintiffs appeal from the resulting judgment. We affirm in part and reverse in part.

■ Plaintiffs' only contention on the merits of the dismissal is that, in several respects, the immunity from nuisance liability that ORS 30.930 to ORS 30.947 confers on "farming practices" is unconstitutional. Defendants contend that plaintiffs cannot assert those arguments now, because the trial court struck their allegations of the putative constitutional deficiencies, and plaintiffs do not assign error to that ruling. However, the record indicates that the court in fact ruled on the constitutional issues, and also advised plaintiffs' counsel that he would have to make the constitutional arguments to the appellate court. Under the circumstances, we reach the merits of plaintiffs' constitutional arguments, but reject them without discussion.

■ In their second assignment, plaintiffs argue that the court erred by awarding attorney fees, *inter alia,* because it made no findings to support their imposition. In *Mattiza v. Foster,* 311 Or 1, 10-11, 803 P2d 723 (1990), the court required findings to be made by a trial court in imposing attorney fees under ORS 20.105(1), in order to facilitate appellate review. *See also Seely v. Hanson,* 317 Or 476, 484, 857 P2d 121 (1993). Defendants' reliance on *Carleton v. Lowell,* 107 Or App 98, 811 P2d 642, *rev den* 312 Or 150 (1991), is apparently directed at the proposition that the appellate court may draw its own inferences in considering an award pursuant to ORS 20.105(1). That case is not on point, however, because there we assessed attorney fees on appeal and were not reviewing a lower tribunal's award.

Under the circumstances of this case, we find that a remand for further proceedings on the attorney fee issue,

rather than an outright reversal, is the appropriate disposition. *See Mattiza v. Foster, supra*, 311 Or at 11.

Award of attorney fees under ORS 20.105(1) reversed and remanded; otherwise affirmed.